FARMERS' UNION CO-OPERATIVE ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11055. Promulgated October 12, 1928.

*Clark Jeary, Esq.,* and *Lester M. Buckley, C. P. A.,* for the petitioner.
*L. A. Luce, Esq.,* for the respondent.

OPINION.

LANSDON: The single contention of the petitioner herein is that under its by-laws the provisions of which were authorized by the law of Nebraska, the amount of $6,263.85 was a liability to its patrons at May 31, 1920. The respondent denies that any liability was accrued or accruable at May 31, 1920, and asserts that if such liability for the payment of the amount in controversy ever existed it was incurred by the action of the annual stockholders' meeting on June 19. He further contends that if any dividend, patronage or otherwise, was declared, it was a stock dividend and had no effect on income of the petitioner for the taxable year. He also points out that the amount in controversy was never paid to the patrons.

We are not convinced by the reasoning of the respondent. Under its by-laws, which were a contract with its members, the petitioner was liable to its members at the end of any fiscal year for the full amount of its operating income for such year, after the payment of expenses and the fixed dividend of 8 per cent on outstanding capital stock. An entry on its books was no more than the record of a liability created by its by-laws and in this situation we are of the opinion that whether the books were kept on an accrual or cash basis is not material. The books did show the amounts distributable as patronage dividends and this was a liability at the close of the petitioner's fiscal year. The amount of $6,263.85 was additional purchase money due its members on products delivered during the year and was a liability at the end of such year. The Commissioner erroneously included such amount in petitioner's taxable income for the taxable year. *Trego County Cooperative Association*, 6 B. T. A. 1275; *Home Builders Shipping Association*, 8 B. T. A. 903; *Anamosa Farmers Creamery Co.*, 13 B. T. A. 907.

In view of our conclusion that the amount involved was a liability of the petitioner at the end of its fiscal year the respondent's contention that the dividend, if any, was a stock dividend requires little consideration. It is enough to say that the distribution authorized was to both stockholders and nonstockholders and that any stock that may have been issued was not a distribution of corporate assets but was in discharge of a recognized liability of the petitioner. These facts are clearly inconsistent with the theory that a stock dividend was authorized.

*Decision will be entered for the petitioner.*