STATE *et al. v.* MORGAN GIN CO.

(Division A. June 12, 1939. Suggestion of Error Overruled July 8, 1939.)

[189 So. 817. No. 33750.]

**J. A. Lauderdale,** Assistant Attorney-General, for appellants.

Nelson **E. Taylor** and **O. L. Kimbrough**, both of Green-wood, for appellee.

72

Argued orally by **J. A. Lauderdale**, for appellants, and by **O. L. Kimbrough**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee reported its income for taxation, admitting an income of $987.86 subject thereto. The State Tax Commission declined to approve a deduction of $15,662.10 made by the appellee from what the Commission said was its gross income, and added that amount to the $987.86, and assessed the appellee accordingly. The appellee instituted this suit, under section 5057, Code of 1930, for the cancellation of the additional assessment. A demurrer to the appellee's petition was overruled, and a decree was rendered in accordance with its prayer.

The petition and its exhibits disclose the following: The appellee is a corporation, organized in 1928 under

chapter 24, Code of 1906, and is engaged in the business of ginning cotton for the public and in buying seed from cotton ginned by it. Its charter provides that: "This corporation shall be conducted on a cooperative basis. A dividend when profits are made not in excess of 10% of the paid in capital stock, may be declared by the directors payable to the holders of the stock thereof, and all other profits shall be distributed to stockholders in proportion to the number of pounds of seed cotton ginned with and cotton seed sold to this corporation."

In order to meet the competition of other gins operating on a cooperative basis, the appellee agreed with its patrons "that equitable price adjustments would be made with its patrons whereby its gin charges would be decreased or its allowances for cotton seed would be increased, and the credits to its patrons resulting from such adjustments would be refunded, said refunds to be based wholly upon the volume of business contributed by its respective patrons in the number of bales of cotton ginned and the pounds of seed furnished to the gin, and wholly without any regard to stock ownership in the corporation."

At the close of its fiscal year, ending July 31st, 1937, the appellee, from the net proceeds of its business, distributed to its stockholders a dividend of eight per cent, and paid the remainder thereof, amounting to $15,662.10, to its patrons, irrespective of ownership by them of stock in the corporation, in accordance with this agreement. In reporting its income for taxation, the appellee did not include this $15,662.10 therein.

One of the questions presented is: Was this $15,662.10 a part of the appellee's gross income? A negative answer thereto will affirm the decree of the court below.

The tax imposed by chapter 120, Laws of 1934, as amended by chapter 151, Laws of 1936, is not on the gross receipts of a business, less permitted deduction therefrom, but on the gross income therefrom, less the permitted deductions. What then is gross income? As

defined by the statute, the gross income of a taxpayer from a business includes "gains, profits, and income derived" therefrom. Money received by one in a business transaction which he has no right to retain, but, under the stipulations of the transaction, must return to the one from whom it was received, could hardly be said to be a gain or profit to him. The word income is broad enough to include all that comes in, but its specific meaning must be determined by the intent of the party or parties employing it to be determined by the context, the subject being dealt with, and the character of the person or persons employing it. 31 C. J. 397. In taxing statutes, as usually construed, it "imports an actual gain; . . . indicates increase of wealth in hand." Bingham v. Long, 249 Mass. 79, 144 N. E. 77, 33 A. L. R. 809. When so interpreted, it must here be held not to include things received by the taxpayer in a business transaction which he has no right to retain, but must return to the one from whom it was received. When one receives money in a business transaction which he has no right to retain but must return, his income from the business is neither increased nor diminished thereby; it remains as it would have been had he not received the money at all.

Did the appellee receive this $15,662.10 under such an agreement with its patrons as obligated it to return it to them?

The appellee's offer to its patrons was, in effect, that if they would pay its charges for ginning their cotton, and accept payment for their cottonseed at the prices offered by it therefor, it would thereafter make an equitable adjustment of these prices and charges, and refund to them a portion of the money paid by them for ginning their cotton, and pay them additional money for the cottonseed purchased from them. This offer, as it appears in the petition, seems to be incomplete in that it does not set forth a method for ascertaining the amount of money to be proportionately distributed to its patrons.

It was construed, however, by both the appellee and its patrons as an offer to do for all the appellee's patrons what under its charter the appellee was required to do for its patrons who owned its corporate stock. It thus appears that the appellee had received from some of its patrons and withheld from others money which, under its agreement with them, it was obligated to return to or pay them. When it was so returned or paid pursuant to this obligation, what would have been the appellee's gross income, without its return or payment, was thereby diminished. We conclude therefore that this money was not a part of the appellee's gross income.

Refunds or payments to the patrons of a business of the character here in question, generally designated as "patrons dividends," are not unusual, and, in Uniform Printing & Supply Co. v. Commissioner of Internal Revenue, 7 Cir., 88 F. (2d) 75, 109 A. L. R. 966, the only case cited by counsel bearing directly hereon, were held not to be included in the taxable income of the corporation making them.

No error was committed in overruling the demurrer.

Affirmed.