VALPARAISO GRAIN & LUMBER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99865.    Promulgated April 8, 1941.

*Harold Johnson, Esq.,* for the petitioner.
*Gene W. Reardon, Esq.,* for the respondent.

OPINION.

TURNER: The respondent determined deficiencies in income and excess profits taxes for the fiscal year ended June 30, 1937, in the respective amounts of $80.81 and $20.92. The question presented is whether the respondent erred in computing the amount of patronage dividends excludable from petitioner's gross income.

The case was submitted upon a written stipulation of facts, the pertinent parts of which read as follows:

1. The petitioner is a corporation, incorporated under the laws of the State of Nebraska, with principal offices at Valparaiso, Nebraska. The return for the period here involved was filed with the Collector for the District of Nebraska.

\*        \*        \*        \*        \*        \*        .\*

4. The net income as shown by the petitioner's books before the deduction for patronage rebates and before any adjustment for depreciation disallowance

of $263.70 was made for the taxable year ended June 30, 1937 was in the amount of $2,437.36.

5. The respondent disallowed certain items of depreciation as a deduction from income of the petitioner for the taxable year ended June 30, 1937, and in the amount of $263.70, which disallowance is proper and thereby increases the net income for the taxable year ended June 30, 1937.

6. Before the deduction for patronage rebates and after the adjustment for the disallowed depreciation set out in paragraph 5 hereof, for the taxable year ended June 30, 1937, the net income as shown by petitioner's books was $2,701.06 and its taxable net income was $2,956.93 (the difference of $255.87 representing an income tax payment to the United States which is an unallowable deduction).

7. In October, 1936, petitioner declared and paid to its stockholders, on its outstanding capital stock of $20,000.00 cash dividends of $1,200.00. The by-laws of petitioner provide for the payment of fixed dividends on its capital stock before any distribution of patronage rebates can be made.

8. The patronage rebate to member stockholders of said petitioner was based on the wheat purchased from said member stockholders which was 39.66% of the total wheat purchased.

9. The petitioner declared and paid to its member stockholders $923.50 for the taxable year ended June 30, 1937, as patronage rebates; $575.72 was claimed therefor on its return for said year, but only $490.74 was allowed as a deduction by the respondent for patronage rebates in computing the petitioner's Income Tax and Excess Profits Tax liability for the taxable year ended June 30, 1937.

The petitioner is not a cooperative association exempt from Federal income tax within the meaning of section 101 (12) of the Revenue Act of 1936, and it does not so contend. See *Producers Creamery Co.* v. *United States*, 55 Fed. (2d) 104; and *Farmers Union Cooperative Co., Guide Park, Nebraska*, 33 B. T. A. 225; affd., 90 Fed. (2d) 488. It does contend, however, that the sum of $923.50 distributed to its member stockholders constituted rebates or patronage dividends on business done with such members during the year and should be treated as a part of the cost of the goods sold in determining the corporate net income for the taxable year. I. T. 3208, C. B. 1938–2, p. 127. See also *Home Builders Shipping Association*, 8 B. T. A. 903; *Anamosa Farmers Creamery Co.*, 13 B. T. A. 907; *Farmers Union Co-operative Association*, 13 B. T. A. 969. The respondent is in agreement on the proposition that true patronage dividends should be treated as part of the cost of goods sold, but takes the position that only a part of the said sum of $923.50 may be regarded as having been paid from profits realized on business done with members and that the remainder represented a distribution from profits realized on business done with nonmembers.

Of the business done during the taxable year, 39.66 percent was done with members and 60.34 with nonmembers, and, there being no segregation of the business done with members from that done with nonmembers, we accordingly assume that the profits were realized on the business done with members and nonmembers, according to the same percentages. From the profits realized the petitioner, according to its bylaws, was required to pay a fixed dividend on its capital stock before

making any rebate to its members. During the taxable year petitioner paid a fixed dividend of $1,200, as required by the bylaws, and thereafter distributed to its member stockholders $923.50 on the basis of the business done with the members, which amount was in fact less than 39.66 percent of the total net profits for the year from all sources. It is petitioner's contention that the fixed dividend must be considered as having been paid wholly out of the profits realized on business done with nonmembers, leaving the profits realized on business done with members available for distribution to member stockholders "as patronage dividends", and, since the $923.50 so distributed to members was less than the percentage of total profits attributable to the business done with members, the full amount should be excluded as further cost of goods sold. The respondent contends that the amount of the patronage dividend paid to member stockholders should be computed in accordance with his earlier ruling found in A. R. R. 6967, C. B. III–1, 1924, p. 287. The effect of respondent's contention is that the fixed dividend was paid out of the unsegregated profits and must be considered as having been paid out of profits realized on business done with members and nonmembers in the same proportions that the business done with members and nonmembers, respectively, bore to the total business for the year, and that the patronage dividend thereafter paid to members is an amount equal to that part of the profits on business done with members left available for such distribution after payment of the fixed dividend.

The burden is on the petitioner to show error in the respondent's determination and this the petitioner has failed to do. Had there been no business with nonmembers the profits on the business done with members would have been completely exhausted in the payment of the fixed dividend and no amount would have been available for distribution as patronage dividends. We can see no more reason therefore for concluding in a case such as we have here that the fixed dividend was paid wholly out of profits realized on the business done with nonmembers rather than wholly out of profits, to the extent thereof, from business done with members. So far as we know, business was done with member stockholders and nonmembers on exactly the same basis and we have assumed that the profits were realized from members and nonmembers alike. The method of computation used by the respondent prorates the payment of the fixed dividend to the profits realized from the two sources according to the amount of business done with each and treats as the amount available for payment of patronage dividends that part of the profits arising from business done with members that is left undistributed after payment of the fixed dividend. This method of computation is in our opinion fair and reasonable and its use is accordingly sustained.

In making his determination, the respondent made certain other adjustments, including an adjustment of depreciation and the disallowance of a deduction claimed with respect to an income tax payment to the United States. The parties have agreed on the proper method for giving effect to those adjustments.

*Decision will be entered under Rule 50.*