**MISSISSIPPI CHEMICAL CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 877.**

United States District Court
S. D. Mississippi,
Vicksburg Division.

Feb. 7, 1961.

Satterfield, Shell, Williams & Buford, Yazoo City, Miss., for plaintiff.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., for defendant.

MIZE, Chief Judge.

This cause, coming on to be heard by the consent of the parties hereto, and a joint stipulation of facts having been executed by the parties, and the Court having considered briefs and oral argument by attorneys for the plaintiff and the defendant in open Court and being fully advised in the premises, finds as follows:

### Findings of Fact

The Court finds that the facts in this case are as set forth in the joint stipulation of facts which are a part of the record in this cause.

### Conclusions of Law

Upon the facts as stipulated in this cause, the Court finds the law applicable thereto to be as follows:

1. That the charter of the plaintiff constitutes a legally enforceable contract between the corporation and its stockholders and stockholder-patrons and that Article V thereof was set up for a valid business purpose, that business has been carried on thereunder and in accordance therewith since the beginning of operation of the corporation, and that the minimization of income taxes as a result thereof does not affect the enforceability of such provision in this suit. Williams v. United States, 5 Cir., 219 F.2d 523; Friedlander Corp. v. Commissioner, 5 Cir., 216 F.2d 757; and Chisholm v. Commissioner, 2 Cir., 79 F.2d 14, 101 A.L.R. 200.

2. That A.R.R. 6967 and the case of Valparaiso Grain & Lumber Co. v. Commissioner, 44 B.T.A. 125, involved charter provisions materially different from those of the plaintiff's charter and neither is applicable thereto in that under the charter of the "M" Company (as set out in A.R.R. 6967) and that of Valparaiso Grain & Lumber Company common stock dividends were agreed to be deducted from the total earnings of the corporation before payment of patronage refunds, whereas plaintiff's charter contains a contractual provision whereby the common stock dividends are to be paid first from profits on non-stockholder business and only the deficiency, if any, may be deducted from the margins on stockholder patronage. That neither is applicable to the plaintiff's charter. A.R.R. 6967, III-13-1455, and Valparaiso Grain & Lumber Co. v. Commissioner, 44 B.T.A. 125.

3. That the sum of $680,825.06 paid by the plaintiff to its stockholder patrons during the four years involved, being the patronage refunds paid under the plaintiff's charter contract in excess of the amount which would have been payable under the formula set forth in A.R.R. 6967, did not constitute income to the plaintiff but belonged to its stockholder patrons under their legally enforceable contract with the plaintiff. Such sums were received by the plaintiff as agent or trustee for its stockholder patrons and never became the property of the corporation. San Joaquin Valley Poultry Producers' Ass'n v. Commissioner, 9 Cir., 136 F.2d 382; Farmers Cooperative Co. v. Birmingham, D.C., 86 F.Supp. 201; Colony Farms Cooperative Dairy, Inc. v.

**492**

Commissioner, 17 T.C. 688; Saenger v. Commissioner, 5 Cir., 69 F.2d 631; and State of Mississippi v. Morgan Gin Company, 186 Miss. 66, 189 So. 817.

4. That the said total sum of $680,825.06 thus paid to its stockholder-patrons constituted "true patronage dividends" (1) having been paid pursuant to a pre-existing legal obligation, (2) having been allocated out of margins or profits realized from the transactions with the patrons for whose benefit the allocations were made and (3) having been allocated ratably and equitably between the stockholder-patrons who purchased the different types of fertilizer manufactured by the corporation. That no part of said sum was paid from the profits on non-stockholder business. Pomeroy Cooperative Grain Co. v. Commissioner, 31 T.C. 674, and Southwest Hardware Co. v. Commissioner, 24 T.C. 75.

5. That the plaintiff is entitled to judgment on the issues submitted in this cause, subject only to computation.