MONAGHAN, STATE TAX COLLECTOR *v.* RELIANCE MANUFACTURING CO.

No. 41118          April 13, 1959          111 So. 2d 225

*John E. Stone,* Jackson, for appellant.

*Tighe & Tighe,* Jackson, for appellee.

464

APPELLANT IN REPLY.

HOLMES, J.

This is an appeal from a final decree of the Chancery Court of the First Judicial District of Hinds County cancelling and vacating an assessment against the appellee of additional income taxes alleged to be due the State of Mississippi for the year 1956 in the sum of $4,288.78, plus interest from March 15, 1957, made by the Income Tax Division of the State Tax Commission on October 21, 1957, and affirmed by the State Tax Commission by its order entered June 2, 1958.

The facts are stipulated. The appellee, Reliance Manufacturing Company, is a corporation organized and existing under the laws of the State of Illinois, having its principal place of business in New York, New York, and being qualified to do business in the State of Mis-

sissippi. The appellee, during the year 1956, was engaged in the business of manufacturing men's and boy's clothing, men's work garments, and parachutes, and operated such business in several states, including the State of Mississippi, and maintained five of its manufacturing plants or factories in the State of Mississippi, located in the cities of Hattiesburg, Laurel and Columbia. In connection with its Mississippi operations, the appellee filed with the Mississippi State Tax Commission its 1956 state income tax return, reporting its net income to the State of Mississippi on the apportionment formula basis consisting of the three factors of capital assets, expenditures for labor, and sales. The right to submit the return on the apportionment formula basis is not questioned. Under such formula the average ratio attributable to the State of Mississippi for the purpose of computing the appellee's net income allocable to the State of Mississippi for its Mississippi operations was 29.6338 percent. This ratio, when applied to the appellee's net income subject to apportionment of $1,516,580, resulted in net income attributable to the State of Mississippi of $454,493, and resulted in an income tax thereon to the State of Mississippi of $26,720, which tax the appellee duly paid.

The appellee, in computing its net income for said year from its overall operations in all States, claimed as a deduction interest expense in the sum of $241,210. This total interest expense was incurred in connection with loans, the proceeds of which were used for the general corporate purposes of appellee, no part of the same being used for the purchase of securities, the dividends from which are non-taxable under the Mississippi Income Tax Act. The appellee on its 1956 income tax return reported no intangible income in the nature of interest income or dividend income as gross income to the State of Mississippi, since all such income earned by the appellee was earned outside of the State of Mis-

sissippi and derived from sources without the State of Mississippi. At no time during the year 1956 were any of the sources from which dividend and interest income was derived by petitioner in its overall operations located within the State of Mississippi, and none of said dividend or interest income was derived from property located or business transacted within the State of Mississippi.

Upon an examination of the appellee's return, the appellant disallowed said deduction for interest expense and as a result thereof the appellee's net income attributable to the State of Mississippi was increased in the sum of $71,479.97, or 29.6338 percent of the aforesaid deduction, with a corresponding increase and assessment of additional income taxes claimed to be due the State of Mississippi by the appellee in the sum of $4,-288.78.

Feeling aggrieved at the action of the appellant in disallowing the deduction, the appellee appealed from said assessment to the Chairman of the State Tax Commission, and, upon denial of relief, appealed to the full Commission, and the full Commission, by its order entered on June 2, 1958, overruled the objections of the appellee to said assessment and affirmed the same, whereupon the appellee filed its petition seeking to have said additional assessment cancelled, vacated and set aside.

The controverted item is the interest expense in the sum of $241,210 which the appellee deducted in rendering its return. It is the contention of the appellee that this deduction was authorized under Section 9220-09 (2) of the Mississippi Code of 1942, reading as follows:

"(2) All interest paid or accrued during the taxable year on indebtedness, except interest upon the indebtedness for the purchase of tax free bonds, or any stocks, the dividends from which are nontaxable under the provisions of this act; provided, however, in the case of securities dealers, interest payments or accruals on loans, the proceeds of which were used to purchase tax-

exempt securities, shall be deductible if income from otherwise tax free securities is reported as income."

It is the contention of the appellant that the interest deduction claimed by the appellee is not permissible since the same is not in accordance with Article 105 of Regulations 11 of the Income Tax Division of the State Tax Commission, which regulation reads as follows:

"INTEREST—There may be deducted from the gross income of taxpayers all interest paid or accrued during the taxable period, except such interest as was paid or incurred on moneys borrowed for the purpose of purchasing stocks or bonds when the income from such stocks or bonds is by the terms of this Act exempted from income taxation. If a non-resident individual or corporation allocates income and expense to this State, interest income and expense will not be reported. The exception will be those instances where the evidence of ownership in any interest bearing paper or instrument has acquired a business situs in this State.

"If a non-resident individual or corporation is required to apportion income to the State, interest expense may be included in deductions to the extent that it exceeds intangible income. Where interest is paid on a loan which was negotiated for, and the proceeds from which were used for the purpose of acquiring or continuing to hold assets of the above described nature, interest paid on such debt is not deductible in calculating net income of the debtor."

It is contended by the appellant under the foregoing regulation that the appellee was entitled to deduct interest expense to the extent only that it exceeds intangibl income, and that the appellee had no interest expense in excess of intangible income. Section 9220-33 of the Code of 1942 reads as follows: "The commissioner, with the approval of the governor, may from time to time make such rules and regulations, not inconsistent

with this act, as he may deem necessary to enforce its provisions.''

The simple question here presented is whether or not Article 105 of Regulation 11 of the Income Tax Division of the State Tax Commission is inconsistent, or in conflict, with Section 9220-09 (2) of the Mississippi Code of 1942. It is conceded by the appellant that if the regulation is in conflict with the statute the statute controls, and that the chancellor was correct in cancelling the assessment. Counsel on both sides have filed exhaustive briefs and have shown commendable diligence and research in the collation of authorities to support their respective views. The simple question presented, however, is whether or not the aforesaid regulation is inconsistent or in conflict with the statute. We think it is and that the chancellor was correct in so holding.

■■ ■ The language of the statute is plain and unambiguous, and clearly authorizes the interest deduction taken by the appellee on its return. The appellant says that it would be manifestly unfair to permit a multistate corporation to take an interest deduction when it had interest income in excess thereof. If this is correct, then it is an argument that should be addressed to the legislature and not to the courts. The function of the court is to construe the legislative act and not to add to it or deduct from it that which the legislature itself did not enact into the statute. ■■■ We think that considering the plain language of the statute its conflict with the aforesaid regulation is apparent. It is a significant fact that when the net income tax due by the appellee is computed in accordance with the provision of the statute, Section 9220-09 (2), the amount of tax thus arrived at is $4,288.78, less than the amount of the tax shown to be due when computed under the regulation. ■■■ It appears a self-evident fact, therefore, that in undertaking to enforce the tax shown to be due when computed under the regulation the result is the

imposition of an additional income tax assessed against the taxpayer by the State Tax Commission. The Commission, of course, is without power and authority to impose income taxes not authorized by statute.

It follows from what we have said that we are of the opinion that the decree of the chancellor in cancelling and vacating the additional assessment was correct and that the same should be and is affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.