198 So.2d 571 (1967)
R.H. CROSBY and Mrs. V. Ethel Crosby
v.
Dexter BARR, Chairman, State Tax Commission of the State of Mississippi.
No. 44417.
Supreme Court of Mississippi.
May 2, 1967.
*572 William E. Logan, Gulfport, William C. Callender, Hall, Callender & Dantin, Columbia, for appellants.
Taylor Carlisle, Binder & Bush, Jackson, for appellee.
RODGERS, Justice.
This suit between R.H. Crosby and Mrs. V. Ethel Crosby, appellants, and Dexter Barr, Chairman of the Mississippi State Tax Commission, appellee, grew out of the interpretation of Mississippi Code Annotated section 9220-09(9) (1952) of the income tax laws of Mississippi. At the time the controversy arose, the foregoing code section was in the following language:
"Deductions allowed.  In computing the net income, there shall be allowed as deductions:
* * * * * *
"Contributions or gifts made within the taxable year to corporations or organizations organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inure to the benefit of any private stockholder or individual. This deduction shall be allowed in an amount not to exceed ten per centum (10%) of the net income without the benefit of this paragraph. Such contributions or gifts shall be allowable as deductions only if verified under rules and regulations prescribed by the commissioner, with the approval of the governor. In the case of a nonresident, this deduction shall be allowed only as to contributions or gifts made to corporations or organizations operating within the State of Mississippi, and in the same proportion that the gross income reported bears to the total gross income."
The facts pertinent to the trial of the issue joined between appellants and appellee were stipulated in the record. Briefly  it was agreed that on December 18, 1963, petitioner R.H. Crosby contributed to Ethel Crosby Foundation Fund and Lucius O. Crosby Memorial Hospital (both charitable and benevolent organizations within the purpose and meaning of the foregoing Code section 9220-09(9)), a total of 768 shares of common stock owned by him. This stock had a fair market value of $24,299.52. R.H. Crosby deducted from his state income tax report for 1963 the sum of $5,161.54. Mrs. V. Ethel Crosby deducted from her income tax return for that year the sum of $3,029.63. It was further agreed and stipulated that the Chief of the Division of Income Tax was of the opinion that the taxpayers were not entitled to deduct the amount claimed in their tax returns for contributions based upon "fair market value" of the stock donated. He was of the opinion that the appellants, taxpayers, could not deduct more than $1,678.66 from the 1963 income tax returns, or, that is to say, the cost of the stock to the taxpayers, rather than the fair market value of the stock donated. The appellants were therefore assessed $293.07 additional tax, plus $2.93 accrued interest, based upon the interpretation of the Mississippi State Tax Commission.
The taxpayers exhausted their remedies by successive appeals to the State Tax Commission, and on each appeal, their claims were overruled. Appellants instituted proceedings in the Chancery Court of the First Judicial District of Hinds County, Mississippi, for the purpose of establishing their claim for the deductions alleged to be permitted by the income tax law. The chancery court denied their claims and they have appealed to this Court from the decree of the chancery court dismissing their petition.
*573 It was stipulated in the trial court that the sole question to be determined in that court was whether or not the taxpayers were required to value the stock donated at its original cost, or were entitled to "the fair market value" of the stock at the time of the donation.
The State Tax Commission bases its refusal to allow the fair market value of the stock donated upon Article 190(b) of Regulations Number 13. This article was the regulation in force at the time of the donation. It is as follows:
"In connection with claims for this deduction there may be required to be stated on the return of income the name and address of each organization to which a gift was made and the approximate date and the amount of the gift in each case. Where the gift is other than money, the basis for calculation of the amount of the gift shall be the cost of the property, if acquired after March 16, 1912, or its fair market value as of March 16, 1912, if acquired prior thereto, after deducting from such cost or value the amount of depreciation sustained and allowable as a deduction in computing net income." (Emphasis supplied.)
This regulation has been published on several occasions with the words "fair market value" in lieu of "the cost" of the property. We do not pursue this history of the regulation because it is not essential or material to the determination of this question. The Tax Commission contends that it was authorized to fix the value of the property donated at "the cost of the property", by reason of that part of Mississippi Code Annotated section 9220-09(9) (1952), which is as follows:
"Such contributions or gifts shall be allowable as deductions only if verified under rules and regulations prescribed by the commissioner, with the approval of the governor."
It was the opinion of the State Tax Commission that this sentence gave the Commission the right to establish and fix the value of the property donated, other than money, at "its cost."
We are of the opinion that the Mississippi State Tax Commission did not have the authority to fix the value of the property donated at a sum less than its value at the time of the donation, for reasons hereinafter set out.
Although it is true that the exemption provisions in tax statutes are strictly construed, nevertheless the full force and effect of such exemptions will be allowed as provided by the statute. Miss. State Tax Commission v. Columbia Gulf Transmission Co., 249 Miss. 88, 161 So.2d 173 (1964). This rule means that the taxpayer will not only be given an exemption as allowed by the statute, but that he will be given the full amount of the exemption allowed by the Legislature. Moreover, where the language used by the Legislature in a statutory law is plain and unambiguous, administrative agencies will not be permitted to engraft additional words, limiting or adding to the plain meaning of the statute to facilitate administrative procedure. State v. Heard, 246 Miss. 774, 151 So.2d 417 (1963). Cf. Miss. State Tax Commission v. Columbia Gulf Transmission Co., supra.
A careful reading of Mississippi Code Annotated section 9220-09(9) (1952), will show that there is no difference between donations of money and donations of property. The Tax Commission, however, has endeavored to fix value of the property donated at an amount different from its monetary value at the time of the donation. It thereby often valued the property donated at less than its monetary value. The regulation is repugnant to the clear meaning of the statute, and is therefore inoperative. When a rule or regulation of an administrative agency is adverse or repugnant to the statute under which it is promulgated, the statute must prevail. Monaghan, Chairman, State Tax Commission v. Reliance Mfg. Co., 236 Miss. 462, 111 So.2d 225 *574 (1959). 1 Am.Jur.2d Administrative Law § 132 (1962). Moreover, long acquiescence in a departmental ruling upon a state statute is not controlling where the statute is plain and unambiguous and the ruling is clearly erroneous. State ex rel. Gully v. Mutual Life Ins. Co., 189 Miss. 830, 196 So. 796, 198 So. 763 (1940); 82 C.J.S. Statutes § 359 (c) at p. 783 (1953); Virden v. State Tax Comm'n, 180 Miss. 467, 177 So. 784 (1938).
We are of the opinion that the sentence relied upon by the Mississippi State Tax Commission to give it authority to make a rule does not give the Commission authority to make such a rule, when, in effect, it changes the meaning of the statute. We are therefore of the opinion that the taxpayers in the instant case are entitled to deduct from their returns the full value of the donations made by them under the authority of the Mississippi Code, supra.
Since this case was instituted, the Mississippi State Legislature, on June 17, 1966, in House Bill No. 746, amended Mississippi Code Annotated section 9220-09(9) by adding the following sentence to this Code section:
"Contributions made in any form other than cash shall be allowed as a deduction, subject to the limitations herein provided, in an amount equal to the actual market value of the contribution at the time the contribution is actually made and consummated." ((i) Supp. 1966).
Although it is true that this Court will not interpret statutes to be retrospective in effect, unless the statute clearly shows that it is to have retrospective effect, nevertheless, this Court may utilize subsequent enactments or amendments of statutes as an aid in arriving at the correct meaning of a prior statute and in construing the statute. 50 Am.Jur. Statutes § 337 at 328 (1944). The amendment clearly indicates that in the future, the Legislature has determined that "fair market value" shall be the method of determining the value of a gift, other than cash. We are of the opinion that this statute required the Tax Commission to give the full value of the property donated at the time of the donation, even before the amendment.
The decree of the chancery court and the order of the Mississippi State Tax Commission are reversed, and the case remanded to the Commission for further proceedings consistent with this opinion.
Reversed and remanded.
GILLESPIE, P.J., and JONES, BRADY and SMITH, JJ., concur.