320 So.2d 784 (1975)
UNIVERSAL MANUFACTURING CORPORATION
v.
Charles R. BRADY, Jr., Chairman, and Mississippi State Tax Commission.
No. 48312.
Supreme Court of Mississippi.
October 6, 1975.
Butler, Snow, O'Mara, Stevens & Cannada, D. Carl Black Jr., Alan W. Perry, Jackson, for appellant.
Joe D. Gallaspy, James H. Haddock, Wilson E. Hodge, Jackson, for appellee.
Before GILLESPIE, SMITH and ROBERTSON, JJ.
*785 GILLESPIE, Chief Justice.
This is an appeal by Universal Manufacturing Corporation of Mississippi, a domestic corporation (the Mississippi Corporation) from a decree of the Chancery Court of Hinds County confirming an order of the State Tax Commission making an assessment of additional income taxes for the years 1969, 1970 and 1971.
All of the outstanding common stock of the Mississippi Corporation was owned by Universal Manufacturing Corporation, a New Jersey Corporation (the New Jersey Corporation) during the years involved in this case. The New Jersey Corporation was engaged in the manufacture and distribution of electrical equipment, and operated in several states. The New Jersey Corporation paid income taxes to the State of Mississippi for the years 1969, 1970 and 1971, based on a formula as provided in Regulation 1.9220-12(7)(c) of the Income Tax Law, Rules and Regulations promulgated by the State Tax Commission. This formula was promulgated under the authority of Mississippi Code Annotated section 27-7-23(1)(c) (1972). This section of the code is applicable only to foreign corporations or individuals, partnerships, trusts or estates not residents of the State of Mississippi.
The Mississippi Corporation operated only in the State of Mississippi, and its entire business consisted of assembling component parts furnished by the New Jersey Corporation into electrical ballasts, which were then transferred to the New Jersey Corporation. The ballast is one of the parts of neon lighting equipment.
The books and records of the Mississippi Corporation were kept at Paterson, New Jersey, by the New Jersey Corporation. The New Jersey Corporation exercised control over, and furnished advice and services to the Mississippi Corporation. In order to comply with the tax laws of the State of Mississippi, it was necessary for a reasonable compensation to be established for the work performed by the Mississippi Corporation. The method selected was to guarantee the Mississippi Corporation a fixed profit equal to one percent of the finished electrical units manufactured by the Mississippi Corporation, and the books and records of the two corporations were set up on this basis. This profit was used as the gross income of the Mississippi Corporation for the payment of income taxes to the State of Mississippi for the three years in question, and taxes were paid accordingly for 1969, 1970 and 1971.
The question is whether the State Tax Commission was authorized to adopt an apportionment formula in assessing the Mississippi Corporation with additional income taxes for the years 1969, 1970 and 1971.
The statute defining gross income for income tax purposes is Code section 27-7-15, entitled "Gross Income Defined." Subsection (a) states what items are included in the term "gross income." Subsection (b) is as follows:
(b) In determining gross income, as regards sales or exchanges from one to another of affiliated companies or persons or under other circumstances where the relation between the buyer and seller is such that gross proceeds from the sale or the value of the exchanges are not indicative of the true value of the subject matter of the sale or exchanges, the commissioner shall prescribe uniform and equitable rules for determining the value of the gross income, gross sales or exchanges corresponding as nearly as possible to the gross income or the gross proceeds from the sale of similar products or property of like quality or character by other taxpayers where no common interest or relationship exists between the buyer and seller, but otherwise under similar circumstances and conditions.
Prior to December, 1971, the regulation of the State Tax Commission applicable to *786 the above subsection (b) was Article 72 of the 1966 Rules and Regulations of the State Tax Commission. That article is as follows:
Article 72. Sales or Exchanges by Affiliates  Section 7(b) of the Act, provides for the regulation of transactions between affiliated persons or companies, or corporations, and is intended to provide for an inclusion in gross income the fair market or true value of such sales or exchanges, and such transactions shall give effect to the true or fair market value.
In December, 1971, the State Tax Commission adopted Regulation 1.0220-08(44). That regulation replaced Article 72 of the 1966 Rules and Regulations and undertook to prescribe a formula for determining the gross income of affiliated companies. It authorizes,
[T]he Commissioner to require the consolidation of income of all such affiliates and then proceed to compute the entire net income in accordance with the provisions in the statute, which relates to apportionment of income within and without the State. The tax imposed by this law shall apply to the correct apportioned income of all affiliates as consolidated.
The taxes in question were assessed retroactively in accordance with the latter regulation, the additional assessment being dated January 4, 1973.
Code section 27-7-15(b) authorizes a tax only on the income of the Mississippi Corporation. The New Jersey Corporation could sustain either a profit or loss on all its operations elsewhere and the tax due by the Mississippi Corporation would not be affected. The statutory basis for income taxes of the Mississippi Corporation was its gross income, and its gross income was the "true value" of the services it performed for the New Jersey Corporation. The statute is not ambiguous. The Tax Commission could not lawfully substitute for the statutory method of determining gross income an apportionment formula that included the income of the New Jersey Corporation. A regulation that is repugnant to the statute is void. Crosby v. Barr, 198 So.2d 571 (Miss. 1967).
We hold that the part of Regulation 1.9220-08(44) authorizing the Commissioner to consolidate the income of a resident corporation with that of an affiliated foreign corporation and apply an apportionment formula for income tax purposes is void. It follows that the assessments of additional taxes in this case are invalid.
There is no necessity to discuss the other arguments made by the Mississippi Corporation.
The decree of the chancery court is reversed and judgment entered here invalidating the assessment.
Reversed and rendered.
RODGERS, P.J., and PATTERSON, INZER, SUGG, WALKER and BROOM, JJ., concur.