590 So.2d 867 (1991)
Earnestine WHITE
v.
HATTIESBURG CABLE COMPANY and the Travelers Insurance Company.
No. 89-CC-0728.
Supreme Court of Mississippi.
October 30, 1991.
Rehearing Denied January 15, 1992.
*868 Michael Adelman, Adelman & Steiner, Hattiesburg, for appellant.
Eugene M. Harlow, Kim E. Evers, Gibbes Graves Mullins Bullock & Ferris, Laurel, James M. Fuller, Jr., Montgomery Smith-Vaniz & McGraw, Jackson, for appellee.
William D. Blakeslee, Bryant Colingo Williams & Clark, Gulfport, James M. Anderson, Wesla S. Leech, Markow Walker Reeves and Anderson, Jackson, Richard D. Underwood, Varner Parker Sessums & Akin, Vicksburg, for amici curiae.
En Banc.
HAWKINS, Presiding Justice, for the Court:
Earnestine White (White) appeals from the judgment of the circuit court of Forrest County affirming the denial of the Mississippi Workers' Compensation Commission (Commission) of medical benefits for chiropractic services rendered her in treating a compensable injury. Because we find that chiropractic services as such are not excluded under the Mississippi Workers' Compensation Act, we reverse for a determination as to whether she is otherwise entitled to such benefit.

FACTS
While employed White slipped and fell on February 11, 1986, injuring her shoulder and lower back. On that date she selected her own physician, Dr. E.G. Duck, a general practitioner, and he and his partner, Dr. N.C. Felts, treated her through April 22, 1986. White also selected Dr. Bruce McCarthy, an orthopedic surgeon, who began treating her April 25, and treated her through June 17, 1986.
White returned to work June 2, 1986.
Dr. Duck referred White to Dr. Douglas Rouse, also a orthopedist, who treated her beginning February 23, and ending March 9, 1987.
During this period White selected Dr. Kenneth R. Simpson, a chiropractor, who treated her from September 18, 1986, until April 2, 1987. His bill was $2,938.
Following a hearing on her motion to controvert, the administrative law judge allowed all medical benefits except the chiropractic service, which he disallowed because it "was unauthorized." He further held that the employer and carrier were not liable for payment of any services rendered by the chiropractor. This order was affirmed by the full Commission and thereafter by the circuit court of Forrest County.
White has appealed this denial of benefits for chiropractic services, the only issue before us.

LAW
In pertinent part Miss. Code Ann. § 71-3-15 provides:
§ 71-3-15. Medical services and supplies.
(1) The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, artificial members, and other apparatus for such period as the nature of the injury or the process of recovery may require. The injured employee shall have the right to accept the services furnished by the employer or, in his discretion, to select a competent physician of his choosing to administer medical *869 treatment. Should the employer desire, he may have the employee examined by a physician other than of the employee's choosing for the purpose of evaluating temporary or permanent disability under such reasonable terms and conditions as may be prescribed by the commission. If at any time during such period the employee unreasonably refuses to submit to medical or surgical treatment, the commission shall, by order, suspend the payment of further compensation during such time as such refusal continues, and no compensation shall be paid at any time during the period of such suspension; ...
.....
(3) All fees and other charges for such treatment or service shall be limited to such charges as prevail in the same community for similar treatment of injured persons of like standard of living, and shall be subject to regulation by the commission. No medical bill shall be paid to any doctor until all forms required by the commission have been filed.
We are not here to debate the merits or demerits of chiropractic. It is too late in the day, however, not to acknowledge that chiropractic is a specialized field in the art of healing, Mississippi Farm Bureau Ins. Co. v. Garrett, 487 So.2d 1320, 1327 (Miss. 1986); recognized by statute, Miss. Code Ann. § 73-6-1; with a state board, Miss. Code Ann. § 73-6-3; and requiring a state license to practice, Miss. Code Ann. § 73-6-15, 73-6-31. This Court, after reviewing decisions from other jurisdictions, held in State Farm Mutual Auto Ins. Co. v. Gregg, 526 So.2d 554, 557 (Miss. 1988):
Thus, by definition, the practice of chiropractic is the practice of healing without drugs or surgery by "adjustment of the articulations of the vertebral column."
.....
Included within the definition of "medical" mentioned above would seem to be the practice of medicine and other healing disciplines dealing with the investigation, prevention, cure and alleviation of disease.
In endeavoring to glean the legislative intent from Miss. Code Ann. § 71-3-15, if one were confined to the language contained in the statute and looked no further, the employer and carrier might have the better of the argument. Such an interpretation, however, would overlook the broader purpose of the entire Mississippi Workers' Compensation Act, which is to provide, without financial limitation, the injured worker with whatever medical treatment his condition requires. Miss. Code Ann. § 71-3-1 states the purpose of the Act is for the "rehabilitation or restoration to health and vocational opportunity" of an injured worker. If in fact a chiropractor can and does render a needed treatment for a work-related injury, and not ordinarily provided by physicians, it would be anomalous indeed to exclude such benefits from the Act.
We cannot improve the language in Dunn Mississippi Workers' Compensation, § 340 (3rd ed. 1982):
§ 340. Generally. The injured employee is entitled to medical and hospital care without limit, but the fees and other charges are subject to regulation by the commission and may not exceed those which prevail in the same community for similar treatment of injured persons of like standards of living. The period is measured by whatever the nature of the injury or the process of recovery may require. In relation to time, benefits may extend beyond the maximum time for payment of weekly compensation benefits and even beyond a commuted lump sum settlement of a compensation award. Medical benefits include surgical treatment, nursing, hospital service, medicine, crutches, artifical members and other apparatus.
The purpose of unlimited services is to insure restoration of the employee to the maximum usefulness that he can attain under the physical impairment resulting from the injury and the services are in addition to all other compensation benefits, and this is the established yardstick by which benefits are to be measured.

*870 In this field, liberality is especially notable and, in practical effect, it is the obligation of the employer to provide whatever is needed or is reasonably calculated to carry out the humanitarian purposes of the Act. (Footnotes omitted; emphasis added)
Neither the Act nor this decision authorizes workers' compensation medical benefits to charlatans or payment for services not needed. We do not curb the authority of the Commission, but broaden it to meet the munificent purpose of the Act. There is a broad public policy behind the Act to provide the necessary treatment to restore the injured worker to health and productivity. This should be the focus of the Commission. Was this treatment necessary? Are the charges reasonable? These questions should be thoroughly investigated, but if both are answered in the affirmative White cannot be denied benefits solely because the service was rendered by a licensed chiropractor.
Neither should we overlook that a sensitive nerve of the Fourteenth Amendment's equal protection of law clause is struck when any statute hinders a man or woman from earning a living at a task for which he or she is trained and educated. Moore v. Grillis, 205 Miss. 865, 892-896, 39 So.2d 505, 511-512 (1949).
This cause is remanded to the Commission for proceedings consistent with this opinion.
REMANDED TO THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., PRATHER, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
ROBERTSON, J., concurs with separate written opinion joined by PRATHER and BANKS, JJ.
ROBERTSON, Justice, concurring:
I concur that Section 7(1) of the Mississippi Workers' Compensation Act, Miss. Code Ann. § 71-3-15(1) (1972), authorizes an injured employee to select a competent chiropractor of his choosing to administer treatment which may fairly be said to fall within that realm of the medical which overlaps with chiropractic. The Mississippi Workers' Compensation Commission's General Rule 9 exceeds the Commission's authority when it provides "A competent physician shall mean a licensed medical doctor."
I do not for a minute concede, if we "were confined to the language contained in the statute and look no further, the employer and carrier might have the better of the argument." We are confined to the legislative language, and that is why I worry about what statutes mean, not what their enactors meant. Stuart's, Inc. v. Brown, 543 So.2d 649, 651 (Miss. 1989); Mississippi Insurance Guaranty Association v. Vaughn, 529 So.2d 540, 542 (Miss. 1988).
Absent legal definition to the contrary, see Mississippi State Tax Commission v. Moselle Fuel Co., 568 So.2d 720, 723 (Miss. 1990), meaning is much a function of the common and ordinary understanding of the words used, the most credible source of which is the dictionary. Thornhill v. System Fuels, Inc., 523 So.2d 983, 1007 (Miss. 1988) (Robertson, J., concurring). Section 7(1) empowers the employee "to select a competent physician," and I find the word "physician" to mean "a person skilled in the art of healing." Webster's Third New International Dictionary, 1707 (1971). I consider chiropractors skilled in the art of healing certain parts of the body. In XI The Oxford English Dictionary 746 (2d Ed. 1989) we find "physician" defined as "One who practices the healing art, including medicine and surgery," which I do not take to exclude chiropractic. The OED defines "medical" first and foremost as "pertaining or related to the healing art or its professors." IX OED 546. Returning to Webster's, we find "medical" defined as "of, relating to, or concerned with physicians [defined above] or with the practice of medicine as distinguished from surgery." Webster's at 1402. I do not see that the word "medical" excludes chiropractic.
*871 The Court's opinion sensitively summarizes our increasing appreciation of chiropractic. That opinion correctly defines "medical" within the Act and within that definition correctly finds chiropractic to overlap with medicine. See Mississippi Farm Bureau Mutual Insurance Co. v. Garrett, 487 So.2d 1320, 1325-27 (Miss. 1986). The Court correctly finds chiropractors within "physician." I would ground these definitions more firmly in the statutory words. It is because we are confined to the language of the statute that I join the result we reach today.
The Court's opinion commits the familiar fallacy of seeking legislative intent. I have long doubted the wisdom and method of that enterprise, see Cuevas v. Royal d'Iberville Hotel, 498 So.2d 346, 357 (Miss. 1986) (Robertson, J., dissenting), and have hopes the blows Prof. Dworkin has struck will prove mortal. See Dworkin, Law's Empire 313-54 (1986). Here as elsewhere we talk of legislative intent without apparent awareness that the enacted language is our ultimate (and often only) legitimate source of that intent. The only text we have authority to read is the text the Legislature has given us. I know of no way we might resort to "the broader purpose of the entire Mississippi Workers' Compensation Act," assuming we knew where to find it, except that purpose be provided within the structure and text the Legislature enacted. I see no reason to proceed so globally when the key words of Section 7(1) are "physician" and "medical," and when these words, by common definition and understanding, are adequate to incorporate some chiropractic care.
I am not unmindful of our duty of deference to the Commission as the agency charged to administer and implement the Act. Gill v. Mississippi Department of Wildlife Conservation, 574 So.2d 586, 593 (Miss. 1990); Grant Center Hospital of Mississippi, Inc. v. Health Group of Jackson, Mississippi, Inc., d/b/a Riverside Hospital, 528 So.2d 804, 808 (Miss. 1988). Of course, that duty has no material force where agency action is contrary to statutory language. See, e.g., Mississippi State Tax Commission v. Moselle Fuel Co., 568 So.2d at 723; Universal Manufacturing Corp. v. Brady, 320 So.2d 784, 786 (Miss. 1975). MWCC General Rule 9 is contrary to the statutory language, as the Court today correctly holds.
PRATHER and BANKS, JJ., concur.