# IN THE COURT OF APPEALS 03/25/97

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-CC-01288 COA

**JESSIE SPANN**

**APPELLANT**

 **v.**

 **WAL-MART STORES, INC.**

**and NATIONAL UNION FIRE INSURANCE**

**COMPANY OF PITTSBURG, PA APPELLEES**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. ROBERT GOZA

COURT FROM WHICH APPEALED: RANKIN COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

LEON MILLER

ATTORNEY FOR APPELLEE:

ROBERT CARPENTER

NATURE OF THE CASE: WORKER'S COMPENSATION

TRIAL COURT DISPOSITION: FOUND APPELLANT ENTITLED TO TREATMENT BUT BY SPECIFIED DOCTOR.

CERTIORARI FILED: 6/24/97

BEFORE THOMAS AND McMILLIN, P.JJ., AND KING, J.

MCMILLIN, P.J., FOR THE COURT:

This case comes before the Court on appeal from a judgment of the Circuit Court of Rankin County affirming a final order of the Mississippi Workers' Compensation Commission. The claimant, Jessie Spann, has availed himself of his statutory appeal rights to claim that the commission erred when it concluded that he had reached maximum medical improvement as the result of a work-related injury and had suffered no permanent disability from the accident. He further claims that the commission exceeded its authority when it specified a particular doctor to provide any further treatment in connection with his injury.

We conclude that the commission order should be affirmed except for a minor clarification of the matter of future medical treatment, which will not require remand.

I.

Facts

Jessie Spann was employed at the Wal-Mart retail store in the city of Pearl as a mechanic on September 7, 1990, when he slipped and fell at work while carrying an automobile tire. He complained of both stomach pains and back pains and was treated by Dr. David Gandy, an orthopedic specialist, primarily for his back pains. Dr. Gandy referred Spann to Dr. Harvey Sanders because of concern of possible internal injuries to the abdominal area; however, it appears that these symptoms resolved themselves. Mr. Spann continued to complain of back pain and pain in his lower extremities that he attributed to his back injury.

Dr. Gandy treated Spann conservatively. His treatment included a period of complete bed rest followed by a course of physical therapy. Spann, apparently dissatisfied with the progress of his recovery, sought treatment from Dr. Frenz, a neurosurgeon, who diagnosed disc damage at the L4-5 level. Dr. Frenz initially attempted to treat the problem through medication and therapy, but ultimately admitted Spann to the hospital in January 1991, and recommended a percutaneous nucletome discectomy to attempt to relieve Spann's symptoms.

Wal-Mart's workers' compensation carrier refused to authorize the surgery and informed Dr. Frenz additionally that it would not authorize further charges associated with Spann's hospitalization. As a result, Spann was discharged from the hospital and shortly thereafter filed a petition seeking to compel Wal-Mart to provide the surgery suggested by Dr. Frenz.

Immediately after his discharge from the hospital, Spann was examined by two additional doctors, one apparently on a referral from the attorney who was representing him in this matter at the time, and the other upon the referral of Dr. Frenz for a second opinion. Dr. Elmer Nix, an orthopedic surgeon, reported "a very minimal bulge of the L-4 disc" that he felt was "within normal limits." He further concluded that Spann appeared to be magnifying his symptoms during the course of the examination. His conclusion was that Spann had suffered only a low back strain from which he should have recovered within six to eight weeks. Dr. Patrick Barrett, an orthopedic surgeon who saw

Spann at the request of Dr. Frenz, diagnosed "probable internal disc derangement 4-5," but indicated that "his opinion would be that it would be less than a 50-50 chance that this [Dr. Frenz's suggested discectomy] would improve his situation enough to go back to heavy work."

II.

Wal-Mart's Denial of Surgery

Wal-Mart's obligation to Spann is of statutory origin. It is obligated to "furnish such . . . surgical . . . treatment . . . for such period as the nature of the injury or the process of recovery may require." Miss. Code Ann. § 71-3-15 (1972). Wal-Mart claims that it has no obligation to furnish the surgery proposed by Dr. Frenz for the reason that Spann has, prior to receiving the surgery, reached maximum medical improvement from his work-related injuries, and there is no showing that the additional surgery is reasonably calculated to further improve his condition or advance his recovery.

The administrative judge who conducted the hearing concluded that "a preponderance of the evidence indicates that [Spann] has reached maximum medical improvement and does not need surgery." The full commission affirmed the findings and order of the administrative judge except that it directed the claimant "to consult with Dr. Barrett for continuing treatment as required for" management of continuing symptoms of pain associated with the injury and directed Wal-Mart to "pay for said treatment and supplies as required by the nature and extent of the injury *in the process of claimant's recovery* as provided in Section 71-3-15." (emphasis supplied).

Spann argues that the commission's reference to the necessity for further medical treatment for his injuries as his recovery progresses constitutes an adjudication that he has not reached maximum medical improvement, even though the commission purports to affirm the administrative judge's contrary finding. He further argues that it is not within the jurisdiction of the commission to select his treating physician for him, but that, rather, he is entitled to be treated by his physician of choice, who is Dr. Frenz. He relies upon the provisions of section 71-3-15(1) as his authority to select a "competent physician of his choosing . . . to administer medical treatment." Miss. Code Ann. § 71-3-15(1) (1972). It does not appear open to dispute that Dr. Frenz is a "competent physician" within the meaning of the statute, and that he had been acting as Spann's primary treating physician for some period prior to the time the question of the necessity for surgery arose.

The claimant seems to suggest that it is beyond the authority of the commission to deny him the proposed surgery since inherent in the right to choose his own treating physician is the right to insist that the prescribed treatment of that physician be carried out.

Thus, this Court is faced directly with the question of whether the commission had the authority to deny an injured claimant a specific medical treatment when that treatment is recommended by the primary physician as being necessary to the continued recovery of the claimant.

Our consideration of this matter appears to involve two separate inquiries. First, whether Spann is correct as a matter of law, that it is not within the power of the commission to deny him medical treatment recommended by his treating physician. Secondly, and assuming that the first issue is resolved against Spann, there is the question of whether the decision of the commission , though one permitted under the law, is, nevertheless, erroneous as being unsupported by substantial evidence.

A.

Whether the Commission Exceeded its Statutory Authority in Denying Surgery

It seems clear to this Court that the commission is not compelled, as a matter of law, to direct payment for all medical services provided simply on the allegation that such services were related to a work injury. In *Lanterman* the court dealt with a case where the commission had denied payment for certain services that had already been provided. *Lanterman v. Roadway Express, Inc.* 608 So. 2d 1340, 1346 (Miss. 1992). The court concluded that the commission had denied the benefit for an improper reason, not directly related to the necessity for such services, and remanded "for a determination as to whether or not the . . . treatment was necessary . . . ." *Lanterman,* 608 So. 2d at 1346. In *White* the court reversed a denial of payment for certain services for an improper reason and reversed and remanded for further consideration. *White v. Hattiesburg Cable Co.*, 590 So. 2d 867, 870 (Miss. 1991). Nevertheless, the court went on to hold that "[n]either the Act nor this decision authorizes . . . payment for services not needed." *White,* 590 So. 2d at 870. The court went on to stress that one of the two vital inquiries on remand should be, "Was this treatment necessary?" *Id.*

Finally, in the recent case of *Oswalt v. Abernathy & Clark*, the supreme court determined that certain unauthorized diagnostic procedures performed by the primary treating physician were not compensable. The court affirmed the commission's decision to deny the charge on the basis that "the . . . procedure performed on claimant and all medical treatment incident thereto was not medically reasonable and necessary." *Oswalt v. Abernathy & Clark*, 625 So. 2d 770, 773 (Miss. 1993).

All of these cases dealt with the issue of services that had already been provided; however, the principle is essentially the same for services proposed but not yet obtained. Both involve the question of the necessity of such services to reasonably "carry out the humanitarian purposes of the Act." Vardaman S. Dunn, *Mississippi Workmen's Compensation* § 340 (3d ed. 1990). Thus, a determination that a particular medical procedure is unnecessary based upon a conclusion that it is not reasonably calculated to assist in the "rehabilitation or restoration to health and vocational opportunity" of the claimant appears to be within the authority of the commission. Miss. Code Ann. § 71-3-1 (1972). If the commission may, after the fact, deny payment of medical services found unnecessary, it would be illogical to suppose that it could not also refuse to order an employer to pay for proposed services found, by the same standard, to be unwarranted.

Our opinion in this respect is further bolstered by the various provisions of section 71-3-15 of the Mississippi Code that permit the employer, during the course of a proceeding, to require a claimant to submit to an independent medical examination "for the purpose of evaluating temporary or permanent disability *or medical treatment being rendered . . . .*" Miss. Code Ann. § 71-3-15(1) (1972) (emphasis supplied). This passage would be meaningless if the commission did not have the authority to resolve disputes about the propriety of treatment recommended by the treating physician, which of necessity, must include the authority to deny a course of treatment recommended by the treating physician.

B.

Whether the Decision Was Supported by Substantial Evidence

Having concluded that the commission did not exceed its statutory authority as a matter of law, the sole remaining area of inquiry is whether there is sufficient evidence in the record to support the order of the commission. If there is, it is the duty of this Court to affirm. *Smith v. Jackson Constr. Co.,* 607 So. 2d 1119, 1124 (Miss. 1992) (citations omitted). We do not review the record de novo to determine where the weight of the evidence lies, but only to determine if there is substantial evidence in the record to indicate the propriety of the commission's decision. *Id.*

There was conflicting testimony from a number of competent medical professionals in this case, all of whom had examined the claimant. The only physician recommending a surgical procedure to improve Spann's condition was Dr. Frenz. At least two other examining physicians were of the opinion that there was no spinal injury that necessitated surgery. Dr. Barrett, on a referral from Dr. Frenz, noted some disc injury, but indicated that, in his opinion, the proposed surgery had less than a fifty-fifty chance of improving Spann's physical condition. It is the duty of the commission, and not this Court, to resolve such conflicts in the evidence. The commission essentially adopted the finding of the administrative judge that Spann had reached maximum medical improvement, and that surgery was not necessitated. There was substantial evidence in the record in support of this conclusion, and it is, therefore, beyond the authority of this Court to disturb. *Walker Mfg. Co. v. Cantrell,* 577 So. 2d 1243, 1247 (Miss. 1991).

III.

The Referral to Dr. Barrett for Continuing Treatment

The language of the commission's order is somewhat troubling in that it seems to imply that Spann has not, in the opinion of the commission, reached maximum medical improvement. Otherwise, it would make no sense to refer to "*the process of claimant's recovery.*" However, after a review of the record, including the various doctors' reports and depositions, this Court is of the opinion that the commission, in this part of its order, was merely referring to treatment of the claimant's continuing subjective complaints of pain associated with his injury. It is entirely possible that an injured worker may reach maximum medical improvement and still be bothered by recurring pain symptoms that are not of sufficient severity to be disabling. Yet, it would seem that, in such circumstance, the claimant would be entitled to the reasonable costs of medical treatment to attempt to manage these symptoms. We conclude that this was the purpose for which the commission suggested the future availability of medical services, and that this does nothing to upset the earlier unequivocal agreement of the commission with the administrative judge that this claimant had reached maximum medical improvement and had suffered no permanent disability.

We do conclude that the commission exceeded its authority as a matter of law insofar as the order can be interpreted as limiting Spann to receiving conservative pain-management assistance from Dr. Barrett. The oft-cited treatise by Vardaman S. Dunn states that: "Since there is no statute which grants to the commission the authority to designate a physician to provide future treatment for an employee, the commission has no right to select a physician for such treatment." Dunn, *supra*, § 341.

However, we interpret the commission's order as essentially nothing more than a finding that the claimant may, for the indefinite future, need conservative medical assistance in the management of recurring pain associated with his work-related injuries. The order merely confirms that all such medical treatment, so long as reasonable and necessary, is a covered medical expense under the

Workers' Compensation Act. To the extent that, in describing the contemplated treatment, the commission may have suggested a particular physician, we find such direction to be error. The error may be cured by simply disregarding that portion of the commission's order, and this Court so directs.

**THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED IN ALL RESPECTS EXCEPT INSOFAR AS IT AFFIRMED THE ORDER OF THE COMMISSION LIMITING FUTURE MEDICAL EXPENSES TO THOSE PROVIDED BY DR. BARRETT. THIS PROVISION OF THE ORDER OF THE COMMISSION IS REVERSED AND RENDERED. THE COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.**

**THOMAS, P.J., KING, AND SOUTHWICK, JJ., CONCUR. DIAZ, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY COLEMAN AND PAYNE, JJ.**

**BRIDGES, C.J., AND HERRING, J., NOT PARTICIPATING.**

# IN THE COURT OF APPEALS 03/25/97

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-CC-01288 COA

**JESSIE SPANN**

**APPELLANT**

**v.**

**WAL-MART STORES INC. AND NATIONAL**

**UNION FIRE INSURANCE COMPANY OF**

**PITTSBURG, PA**

**APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

DIAZ, J., DISSENTING:

I respectfully dissent from the majority's conclusion that the Commission has the authority to deny a course of treatment recommended by the treating physician.

The majority relies on section 71-3-15(1) of the Mississippi Code to affirm the Commission's decision to deny treatment. That code section states in relevant part:

> Should the employer desire, he may have the employee examined by a physician other than of the employee's choosing for the purpose of evaluating temporary or permanent disability or medical treatment being rendered.

Miss. Code Ann. 71-3-15(1) (Rev. 1995). The majority interprets this section as allowing the Commission the authority to deny treatment. By doing so, we have unnecessarily broadened the scope of the statute.

The relevant code section gives the employer the authority to require the claimant to submit to an independent medical examination only to evaluate the extent of his or her disability, or to evaluate the medical treatment being rendered. This section does not allow the Commission to deny recommended treatment. Where the Commission has the authority to suspend payment of compensation if the employee unreasonably refuses treatment, there is no recipricol provision that allows the Commission to deny treatment that the claimant wants to submit to pursuant to his doctor's recommendation. The statute does not grant the Commission such authority. Accordingly, the Commission stepped beyond the scope of its statutory authority when it in fact denied the specific treatment recommended by Dr. Frenz. It is for this reason that I must dissent from the majority opinion.

**COLEMAN AND PAYNE, JJ., JOIN THIS SEPARATE OPINION.**