VIRDEN *et al. v.* STATE TAX COMMISSION.

(Division A.  Jan. 3, 1938.)

[177 So. 784. No. 32921.]

468

i **Ernest Kellner**, and **William Payne**, both of Green-
ville, for appellants.

J. A. Lauderdale, Assistant Attorney-General, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellants, who are husband and wife, filed a petition in the chancery court of Hinds county, under section 30, chapter 120, Laws of 1934, for the reviewing of an income tax assessment against them by the State Tax Commission. A demurrer to the petition was sustained and the petition dismissed.

It appears, in substance, from the petition, that the petitioners are, and were in 1934-1935, engaged in the wholesale and retail lumber business in Washington county. Both of them were assessed, by the State Tax Commission, with additional income taxes for those years, a protest against which was overruled by the commission, by an order reading, in part, as follows: "and the said Mrs. R. L. Virden is hereby assessed and charged with additional income tax for the year 1934 of $33.75, and for the year 1935 of $16.75, with interest on the respective amounts at the rate of one half of one per cent per month, from March 15, 1935, and March 15, 1936, respectively, until paid; and the said Mr. M. L. Virden is hereby assessed and charged with additional income tax for the year 1935 of $194.64, with interest thereon at the rate of one half of one per cent per month from March 15, 1936, until paid." This additional income was derived from a sale of property owned by the petitioners, but not employed in the conduct of a trade or business.

Sections 3, 6, 7, and 8 of chapter 120, Laws of 1934, are, in part, as follows:

Section 3. (1) "There is hereby assessed and levied to be collected and paid as hereinafter provided for the calendar year 1934 and for each calendar year thereafter, upon the entire net income of every resident individual,

corporation, association, trust or estate, in excess of the credits provided, a tax at the following rates.''

Section 6. (a) ''The term net income means the gross income, as defined hereunder, less the deductions allowed.''

Section 7. ''For the purpose, except as otherwise provided for non-residents, the term gross income: (a) includes gains, profits, and income derived from . . . trades, businesses, commerce or sales, also interest, rent, dividends, securities or other transaction of any business carried on for gain or profit or gains, or profits, and incomes derived from any source whatever. . . . Gains realized from the disposition of assets regularly employed in the conduct of the regular trade or business shall be determined by deducting from the amount realized, plus the depreciation sustained, the cost of such asset.''

Section 8. (4) ''Losses sustained during the taxable year not compensated for by insurance or otherwise, if incurred in trade or business. Losses sustained from the disposition of capital assets employed in the conduct of the regular trade or business shall be determined by deducting from the cost (or value as of March 16, 1912, if acquired prior to that date) the depreciation sustained. and the amount realized therefrom. (5) Losses sustained during the taxable year on property not connected with the trade or business, if arising from fires, storms, shipwrecks, or from theft, and not compensated for by insurance or otherwise.''

Section 32, Laws of 1934, chapter 120, provides that: ''The commissioner [Chairman of the State Tax Commission], with the approval of the governor, may from time to time make such rules and regulations not inconsistent with this act as he may deem necessary to enforce its provisions.''

A ruling or regulation was promulgated under this section which, in part, is as follows: ''The 1934 Act is purely an income tax law, and does not attempt to im-

pose a tax on gains realized from capital transactions, and does not provide that losses may be claimed from such transactions. In regard to dispositions of assets regularly employed in the trade or business of the taxpayer, it is proper that capital gains and losses be reported for State income tax purposes. . . . Real or personal property sold, when not used in the regular trade or business of the taxpayer need not be reported for State income tax purposes."

After this ruling was promulgated, chapter 120, Laws of 1934, was amended by chapter 151, sections 1, 2, Laws of 1936, by eliminating therefrom the last two sentences of subdivision (a) of section 7 thereof, and by making subdivision (4) of section 8 thereof read as follows: "Losses sustained during the taxable year not compensated for by insurance or otherwise, if incurred in trade or business, or transactions entered into for profit."

The question for decision is: Does "gross income" include profits on sales of property not regularly employed in the conduct of regular trade or business. The language of chapter 120, Laws of 1934, includes profits on sales of *all* property in gross income, unless the last two sentences of subdivision (a) of section 7, and subdivision (4) of section 8 thereof, exclude profits on sales of property not regularly employed in the conduct of a trade or business. These provisions of the statute in no wise conflict with the legislative intent clearly expressed in the preceding provisions thereof, but, on the contrary, are consistent therewith. They do not disclose, though we might suspect therefrom, that the Legislature intended to exclude profits on sales of property not employed in a trade or business. While statutes must be construed to effectuate the legislative intent, this intent must, primarily, be ascertained from the language of the statute, and nothing has been here suggested that would warrant a departure from this rule.

The excerpt from the rules and regulations adopted by the commission, under section 32 of the statute, of

course, is an administrative construction of the statute, but it is of no value here for two reasons: (1) It conflicts with the statute, and (2) the commission, itself, at least in the assessment here under consideration, has not adhered to the rule, so that we are not presented with a uniform administrative construction of the statute.

The amendment of the statute by a subsequent Legislature might be of value in this connection, were the statute ambiguous, but, as hereinbefore appears, it is not ambiguous. The amendment may have been made because of the erroneous rule adopted by the Tax Commission.

Affirmed.