MISSISSIPPI STATE TAX COMMISSION *v.* HOGG, et al.

No. 41581          November 14, 1960          124 So. 2d 300

*Henry A. Fly, James E. Brown,* Jackson, for appellant.

*Cox & Dunn,* Jackson, for appellee.

HOLMES, J.

This case involves the question of the validity of assessments of additional income taxes made against the appellees for the year 1957. The Commissioner of Income Tax approved the assessments and on appeal to the State Tax Commission, the action of the Commissioner was affirmed by a vote of two to one. The appellees then appealed to the Chancery Court of the First Judicial District of Hinds County, resulting in a decree of the court vacating and setting aside the assessments. From this decree the Mississippi Sate Tax Commission prosecutes this appeal to this Court.

The facts giving rise to this litigation are not in dispute. Prior to February 1, 1957, Bill The Distributor, Inc., a Mississippi Corporation, was engaged in the business of distributing food products, and it maintained in connection with its business a meat processing department using machinery, tools and equipment, and maintaining an inventory of meats. The said machinery, tools, equipment and inventory had a book value of $33,600 as of February 1, 1957. Prior to February 1, 1957, there was organized a Mississippi corporation known as National Sales, Inc. On said date of February 1, 1957, Bill The Distributor, Inc., conveyed to National Sales, Inc., all of the assets of said meat processing department of the book value of $33,600 in exchange for 33,600 shares of capital stock of National Sales, Inc., of the par value of $1.00 per share, consisting of 5,000 shares of Class A voting stock and the balance of Class B non-voting stock.

In accordance with a resolution adopted by the stockholders of Bill The Distributor, Inc., the said capital stock of National Sales, Inc., was endorsed and distribu-

ted to the stockholders of Bill The Distributor, Inc., in the proportion of their stockholdings in Bill The Distributor, Inc., that is to say, the Class A voting stock was endorsed and distributed to the holders of Class A voting stock in Bill The Distributor, Inc., and Class B non-voting stock was endorsed and distributed to the holders of Class B non-voting stock in Bill The Distributor, Inc., all in the exact proportion as aforesaid.

The appellees, in rendering their State income tax returns for the year 1957, reported no income from the aforesaid transaction. The Commission took the position that the distribution of the stock of National Sales, Inc., to the stockholders of Bill The Distributor, Inc., was income to the recipients and therefore subject to taxation, and the Commission in making the assessment for additional income taxes used as a basis therefor the book value of the stock involved.

The question presented for our decision is whether or not the distribution of the stock of National Sales, Inc., to the stockholders of Bill The Distributor, Inc., constitutes income to the individual stockholders of Bill The Distributor, Inc., within the meaning of that term in the income tax laws of the State of Mississippi, and the regulations promulgated thereunder.

Counsel for the appellant have shown commendable diligence and thoroughness in their research into the history and development of our State Income Tax Law, and the Federal Acts and Regulations promulgated thereunder. We are of the opinion, however, that this case must be solved under the Mississippi State Income Tax Law and the Regulations promulgated thereunder as the same were in force at the time the assessments in question were made.

We direct our attention first to the definition of the term "gross income" as the same appears in Section 9220-08, Volume 7 Recompiled, Mississippi Code of 1942. This statute, in its pertinent parts, reads as follows:

"For the purpose of this act, except as otherwise provided for nonresidents, the term 'gross income':

"(a) Includes gains, profits, and income derived from salaries, wages or compensation for personal service of whatever kind, and in whatever form paid, or from professions, vocations, trades, businesses, commerce or sales, also interest, rent, dividends, insurance premiums, reinsurance premiums, considerations for supplementary insurance contracts, securities or other transaction of any business carried on for gain or profit, or gains, or profits, and income derived from any source whatever, including salaries, wages, or other compensation received from the State of Mississippi, or its departments, institutions or political subdivisions. . . ."

■■ ■ We have heretofore construed this statute and have held that "gross income" imports an *actual gain* and indicates an *increase of wealth in hand.* State v. Morgan Gin Co., 186 Miss. 66, 189 So. 817. In the case of State v. Morgan Gin Company, supra, the Court said:

"What then is gross income? As defined by the statute, the gross income of a taxpayer from a business includes 'gains, profits, and income derived therefrom' . . . . In taxing statutes, as usually construed, it imports an actual gain; . . . . indicates increase of wealth in hand. Bingham v. Long, 249 Mass. 79, 144 N. E. 77, 33 ALR 809."

■■ ■ As we view the record, we are unable to conclude that the transaction here involved resulted in any "actual gain" or "increase of wealth in hand" to the stockholders of Bill The Distributor, Inc. The assets of the meat processing department of the book value of $33,600 were conveyed to National Sales, Inc., in exchange for 33,600 shares of the capital stock of the National Sales, Inc., of the par value of $1.00 per share, consisting of 5,000 shares of Class A voting stock and the balance of Class B non-voting stock. This stock was endorsed and distributed to the stockholders of Bill The

Distributor, Inc., in the exact proportion of their stock-holdings in Bill The Distributor, Inc., that is to say that the Class A voting stock was distributed to the stock-holders of Class A voting stock in Bill The Distributor, Inc., and Class B non-voting stock was distributed to the holders of Class B non-voting stock in Bill The Distributor, Inc., all in exact proportion as aforesaid. The result of the transaction was that the assets of Bill The Distributor, Inc., were reduced to the extent of the value of the meat processing assets conveyed to National Sales, Inc., and in lieu thereof, the stock treated as being of the same value as that of the meat processing assets was transferred to the stockholders of Bill The Distributor, Inc., in the same proportion as their stockholdings in Bill The Distributor, Inc. Thus it is seen that no money changed hands as a result of this transaction but that the consideration of $33,600 for the transfer of the meat processing assets were paid for by the issuance and the receipt of 33,600 shares of the capital stock of National Sales, Inc., of the accepted value of $1.00 per share. The income of the stockholders of Bill The Distributor, Inc., was neither increased nor diminished by the transaction.

In addition to what has heretofore been said, Article 90 of the Regulations promulgated by the Mississippi State Tax Commission provides as follows:

"For the purpose of the Act, amounts received as stock dividends do not constitute a dividend. Such amounts will only reduce the prorata cost of the number of shares held before the receipt of the stock dividend.

"Provided, however, that the devidends are of like class of stock as the stock on which the devidends are declared. As an example, common stock dividends on common stock, or preferred stock dividends on preferred stock, are exempt under the provisions of the Act; but a preferred stock dividend on common stock owner-

ship or a common stock dividend on preferred stock ownership, is without the meaning of this Article and therefore subject to taxation.

"And provided, further, that if the dividend is, at the election of any of the shareholders (whether exercised before or after the declaration thereof), payable either (a) in the corporation's stock (or in rights to acquire its stock), or (b) in money or other property, then said dividend shall be included in gross income in an amount equal to its fair market value."

It will be noted that under the terms of this Article 90 of the Regulations that the receipt of the stock of the National Sales, Inc., by the stockholders of Bill The Distributor, Inc., in the exact proportions of their holdings in Bill The Distributor, Inc., are not subject to taxation since under the terms of said Article the transaction was not to be considered as stock dividends.

██ █ It is argued, however, by the appellant that the transaction in question should not be held to be within the meaning of said Article 90 for the reason that said Article applies only to dividends paid in the distributing corporation's own stock. It is the position of the appellant that the transfer of the stock in question constituted a "spin-off" dividend and not a regular dividend as contemplated by said Article 90. A "spin-off" dividend occurs when part of the assets of a corporation is transferred to a new corporation controlled by the transferor, and the stock or security in the latter are distributed to the stockholders of the original corporation without surrender by the stockholders of stock in the distributing corporation. We think that while the transaction in question may not be regarded as a stock dividend in the common sense of the term, nevertheless, the transaction in its essential characteristics is in substance a stock dividend and therefore within the terms of Article 90 of the aforesaid regulations of the State Tax Commission.

After a careful review of the record, we are thoroughly convinced that the transaction in question is not such as to render the stock distributions taxable under our Mississippi State Income Tax Law and the regulations promulgated thereunder.

■■ ■ If, however, the question is in doubt, it becomes necessary to construe the transaction favorably to the taxpayer and against the taxing authority. ■■ ■ It is well established by numerous prior decisions of this Court that revenue laws ought to be strictly construed against the taxing power and that all doubts shall be resolved in favor of the taxpayer. Stone v. Rogers, 186 Miss. 53, 189 So. 810; Pan American Petroleum Corp. v. Miller, 154 Miss. 565, 122 So. 393; Stone, Chairman v. General Box Company, 212 Miss. 60, 53 So. 2d 85.

We are accordingly of the opinion that the decision of the chancellor in setting aside and vacating the assessments in question as being invalid and unauthorized is correct, and that the decree of the court below should be affirmed.

Affirmed.

*Hall, P.J.,* and *Lee, Kyle* and *Arrington, JJ.,* concur.