This is an appeal from a decree of the Chancery Court of the First Chancery Court District of Hinds County, Mississippi, setting aside an assessment of the State Tax Commission rendered on May 23, 1966. The following pertinent facts were stipulated by the parties.
On March 30, 1962, the appellee, J.O. Edmondson, sold certain real estate to James E. Molpus, O.C. Carr, Jr. and W.S. Heaton, Jr. for a total consideration of $174,000. At the time of this sale appellee was indebted to Travelers' Insurance Company in the principal amount of $55,000 on the property in question. This indebtedness was evidenced by a first deed of trust in favor of Travelers' and was payable in installments of $2500, as to principal, on September 1, 1962, and $2500 every September 1 thereafter through 1980. The remaining balance of $7500 was due and payable, as to principal, on September 1, 1981.
The purchasers of the property paid appellee $23,000 in cash and assumed the aforesaid indebtedness of $55,000. The purchasers executed a note and deed of trust to appellee in the sum of $96,000, this being the difference between the $23,000 cash amount paid and the $55,000 in principal due from appellee to Travelers', which indebtedness had been assumed by the purchasers. This note in the amount of $96,000 was payable $25,000 on January 10, 1963; $15,000 on January 10, 1964; $15,000 on January 10, 1965; $11,000 on January 10, 1966, and $10,000 on each January 10 from 1967 through and including 1969.
Appellee duly filed his state income tax return for the taxable year 1962 in which he showed a net income of $8,596.45. On June 10, 1964, the Commission added to this amount $95,872.30 as additional income for 1962 and assessed appellee additional income taxes thereon. In protesting this additional assessment, appellee exhausted his administrative remedies through the State Tax Commission where, on February 10, 1965, the additional assessment was affirmed. On appeal to the Chancery Court of Hinds County the order of the Commission was set aside, and from this decree the Commission prosecutes this appeal.
The parties concede that the issue to be determined is what constitutes an "initial payment" within the meaning of Mississippi Code Annotated section 9220-08 (Supp. 1964). The Commission contends that under the statute the entire amount of the $55,000 mortgage indebtedness assumed should be included in appellee's taxable income for 1962, to which should be added the $23,000 cash paid, making a total "initial payment" of $78,000 accruing in the year of the sale. Appellee contends that section 9220-08 authorized him to treat the sale of the property as an installment sale and that under the proper interpretation of the statute, only that part of the mortgage or deed of trust indebtedness which matured in the year of the sale (1962) should be added to the cash received in determining the amount of the "initial payment." Under appellee's view the "initial payment" in 1962 would amount to only $25,500.
It is apparent that if the contention of appellee is correct, less than thirty percent of the purchase price would be included in the "initial payment." To the contrary, if the Commission's contention is correct, the "initial payment" would far exceed thirty percent of the purchase price, and appellee would thereby be denied the advantage of treating the sale as an installment or deferred payment sale.
Mississippi Code Annotated section 9220-08 (Supp. 1964) provides as follows:
 For the purpose of this act, except as otherwise provided for nonresidents, the term "gross income":
 (a) Includes gains, profits, and income derived from salaries, wages or compensation for personal service of whatever kind, and in whatever form paid, or from professions, vocations, trades, businesses, commerce or sales, also interest, rent, dividends, insurance premiums, reinsurance *Page 875 
premiums, considerations for supplementary insurance contracts, securities or other transactions of any business carried on for gain or profit, or gains, or profits, and income derived from any source whatever, including salaries, wages, or other compensation received from the State of Mississippi, or its departments, institutions, or political subdivisions. The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer; provided, when property is sold upon what is known as the installment or deferred payment plan, and the initial payment is thirty per cent (30%) or less, (and the initial payment shall include the total sum paid, including assumption of mortgage or other indebtedness, during the taxable period in which such sale occurs) the net income realized may be included for taxation in that portion of any installment payment representing gain or profit in the year in which such payment is received. In the case of insurance companies any amounts in excess of the legally required reserves shall be included as gross income.
Mississippi Income Tax Regulation 13, article 48 (1962) provides in part as follows:
 The term "initial payment" shall be defined to mean a cash receipt, or its equivalent, received or realized during the taxable year, and will include a mortgage assumed by the purchaser, or a mortgage to which the property is subject when purchased.
The basic issue presented here is whether section 9220-08, supra, clearly and unequivocally requires the entire amount of the mortgage indebtedness assumed by the purchasers to be included in the taxpayer's return for the taxable year 1962. The Commission urges that the statute is clear and does require the inclusion of such mortgage indebtedness. The Commission further urges that Regulation 13, in defining the term "initial payment," definitely includes a mortgage to which the property is subject when purchased. Appellee, to the contrary, contends that Regulation 13 is inconsistent with the clear language of the taxing statute. Appellee urges that the proper construction of section 9220-08 is that the "initial payment" includes the total sum paid in cash, plus any trust deed indebtedness assumed by the purchaser that matures in the year of the sale and that if the cash payment and that part of the assumed indebtedness maturing in the year of the sale are thirty percent or less of the total purchase price, the taxpayer has the right to treat the entire transaction as an installment or deferred payment sale.
We find that the appellee is correct in his assertion that the language of the statute is sufficiently clear to show that the "initial payment" is intended to include the total sum paid, including the assumption of the mortgage or other indebtedness during the taxable period in which the sale occurs and that the apparent intent of the legislature was to refer to the sum paid in cash or to such portion of the mortgage indebtedness assumed and paid in the taxable year. If this was not the intention of the legislature, then certainly there is irreconcilable conflict between the statute and Regulation 13. It is well established that revenue laws are to be strictly construed against the taxing power and that all ambiguities or doubts should be resolved in favor of the taxpayer. Stone v. Rogers, 186 Miss. 53, 189 So. 810
(1939); Pan-American Petroleum Corp. v. Miller, 154 Miss. 565,122 So. 393 (1929).
In Mississippi State Tax Commission v. Hogg, 239 Miss. 597,124 So.2d 300 (1960), this Court considered the same statute now before us but in regard to a transaction involving the exchange of capital stock of one corporation for the capital stock of another. In that case we said:
 If, however, the question is in doubt, it becomes necessary to construe the transaction favorably to the taxpayer and against the taxing authority. It is well established by numerous prior decisions of *Page 876 
this Court that revenue laws ought to be strictly construed against the taxing power and that all doubts shall be resolved in favor of the taxpayer. * * * (239 Miss. at 606, 124 So.2d at 304.)
In State v. Johnson, 238 Miss. 211, 118 So.2d 308 (1960), we find persuasive authority in support of appellee's position. In that case the taxpayer, Johnson, sold 350 shares of stock in the Mississippi Publishers Corporation to that corporation for $922,500. Johnson received $250,000 in cash, together with notes in the amount of $712,500, payable over a ten year period at $71,250 per year. Apparently there was no doubt as to this being a qualified installment sale. In 1955 Johnson sold the ten installment notes of the Mississippi Publishers Corporation to Giles, Incorporated, another corporation in which he was interested. He received notes from Giles in the same amount and payable on the same terms as were the notes he had received from Mississippi Publishers Corporation. The Mississippi State Tax Commission contended that when Johnson disposed of the installment obligation, there was a termination of the deferred payment privilege under the statute. On this point we said:
 It is a well-established rule that a taxing statute must be strictly construed against the taxing power and in favor of the taxpayer, and all doubts as to whether or not a tax has been imposed must be resolved in favor of the taxpayer. * * * (238 Miss. at 222, 118 So.2d at 313.)
 The manifest purpose of the legislature was to tax anticipated profits from an installment sale only when "received". The statute authorizes installment sales without limiting the time within which the installments can be made. Appellants advance the theoretical argument that a "taxable gain" is realized on an installment sale at the time of the transaction, not when and if the installment obligations are satisfied. The undisputed evidence of Morgan, the certified public accountant who testified for appellee, is that the "gain" with reference to the sale of Mississippi Publishers stock to that corporation is not realized until and as the Giles notes are collected. Any number of events could occur after an installment sale to prevent the State from collecting the tax on theoretical paper profits. This is a risk which the State must take under the present act, when it does not impose a tax on profits from installment sales until payment is received, or does not terminate the privilege upon disposition. (238 Miss. at 223, 118 So.2d at 313.) (Emphasis added.)
In view of the Johnson case, we conclude that it was the manifest purpose of the statute to tax anticipated profits from an installment sale only in the year in which such profits were received unless more than thirty percent of the purchase price was actually received in the year of the sale, in which case the entire purchase price would be taxable in that year. Under this rule the only portion of the purchase price which would be subject to taxes in the year of the sale would be the cash actually received, plus, in the instant case, the amount paid under the assumed mortgage during that period.
There are numerous cases holding that "gross income" under section 9220-08, supra, indicates an actual increase of wealth in hand. Mississippi State Tax Comm'n v. Hogg, supra; State v. Morgan Gin Co., 186 Miss. 66, 189 So. 817 (1939). These decisions indicate that under a correct construction of the statute the term "initial payment" should include only that portion of the assumed mortgage which is received in the year of the sale. It is obvious that only as the mortgage indebtedness assumed by the purchaser is reduced by payment does it amount to wealth in hand insofar as the seller is concerned. To interpret the statute to mean that the total amount of the mortgage indebtedness assumed by the purchaser must be included as a part of the "initial payment" is at best to inject speculation, surmise and doubt as to the actual *Page 877 
profit to be realized by the seller in the transaction. On the other hand, to consider as a part of the "initial payment" only that part of the assumed indebtedness which matures during the year of the sale is in harmony with the decisions of this Court which hold that only wealth in hand or actual profit is to be considered income. The stern fact remains, of course, that the purchaser may never pay the assumed indebtedness.
We have held in numerous cases that the statutory construction adopted by administrative agencies is entitled to weight. See Briscoe v. Buzbee, 163 Miss. 574, 143 So. 407 (1932); Conard Furniture Co. v. Mississippi State Tax Comm'n, 160 Miss. 185,133 So. 652 (1931); Robertson v. Texas Oil Co, 141 Miss. 356,106 So. 449 (1925); State ex rel. Foreman v. Wheatley, 113 Miss. 555, 74 So. 427 (1917). However, Mississippi Code Annotated section 9220-33 (1952) expressly prohibits the commissioner, even with the approval of the governor, from making rules and regulations inconsistent with the income tax statutes. Monaghan v. Reliance Mfg. Co., 236 Miss. 462, 111 So.2d 225 (1959); Virden v. State Tax Comm'n, 180 Miss. 467, 177 So. 784 (1938). In the Virden
case, supra, we stated:
 The excerpt from the rules and regulations adopted by the commission, under section 32 of the statute, of course, is an administrative construction of the statute, but it is of no value here for two reasons: (1) It conflicts with the statute, and (2) the commission, itself, at least in the assessment here under consideration, has not adhered to the rule, so that we are not presented with a uniform administrative construction of the statute. (180 Miss. at 475-476, 177 So. at 785.)
Mississippi Income Tax Regulation 13, article 48 (1962) is in conflict with section 9220-08, supra, and is not, therefore, persuasive as urged by the Commission. It appears to us that the language of section 9220-08, while not crystal clear, is sufficiently certain to indicate that the legislature intended to tax only wealth in hand and to allow the taxpayer to report his income on an installment or deferred basis in cases such as this so long as the amount actually received in cash during the taxable year was less than thirty percent of the total purchase price. If, however, under the facts of this case an ambiguity in the statute does exist, this ambiguity must be construed most favorably toward the taxpayer, and the Commission cannot by regulation extend the purview of the taxing statute.
For these reasons the decree of the chancery court is affirmed.
Affirmed.
ETHRIDGE, C.J., and RODGERS, PATTERSON and SMITH, JJ., concur.