# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00104-SCT

*MANUFAB, INC.*

*v.*

*MISSISSIPPI STATE TAX COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/14/2000 |
| TRIAL JUDGE: | HON. THOMAS WRIGHT TEEL |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | PAUL M. NEWTON |
| ATTORNEYS FOR APPELLEE: | JEFFREY JOHNS LITTLE |
| | BRENDA G. CAMERON |
| | BOBBY R. LONG |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED-2/28/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/21/2002 |

**BEFORE McRAE, P.J., EASLEY AND GRAVES, JJ.**

**McRAE, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Manufab, Inc. ("Manufab"), a Louisiana corporation with a plant in Mississippi, asserts that it is entitled to a "jobs tax credit" as set forth in Miss. Code Ann. § 57-73-21(4) (1996). The Mississippi State Tax Commission ("MSTC") disagreed and so did the Hancock County Chancery Court. We affirm judgment of the chancery court.**FACTS**

¶2. The MSTC and the Hancock County Chancery Court determined that Manufab did not meet the requirements to qualify for the "jobs tax credit" as detailed in Miss. Code Ann. § 57-73-21(4) for the fiscal years 1995-1997. The tax credit was disallowed because Manufab did not satisfy the criteria set out in the statute. Namely, the MSTC contends that Manufab did not create 20 or more new jobs in a single taxable year. Exhibit 2 shows that for the years in question, 1995-1997, Manufab increased the total number of new full-time jobs by two in 1995, two in 1996 and three in 1997; this is clearly under the number claimed to be necessary by the MSTC.

## DISCUSSION

¶3. The issue at hand is whether Miss. Code Ann. § 57-73-21(4) requires Manufab to create twenty new full-time jobs in one taxable year as opposed to the cumulation of twenty net new full-time jobs over several years in order to qualify for the "jobs tax credit." This is a case of first impression. The applicable section of the statute reads as follows:

Permanent business enterprises primarily engaged in manufacturing, processing, warehousing, distribution, wholesaling and research and development, or permanent business enterprises designated by rule and regulation of the Mississippi Development Authority as air transportation and maintenance facilities, final destination or resort hotels having a minimum of one hundred fifty (150) guest rooms, recreational facilities that impact tourism, movie industry studios, telecommunications enterprises, data or information processing enterprises or computer software development enterprises or any technology intensive facility or enterprise, in counties designated by the Tax Commission as Tier One areas are allowed a job tax credit for taxes imposed by Section 27-7-5 equal to Five Hundred Dollars ($500.00) annually for each net new full-time employee job for five (5) years beginning with years two (2) through six (6) after the creation of the job. The number of new full-time jobs must be determined by comparing the monthly average number of full-time employees subject to Mississippi income tax withholding for the taxable year with the corresponding period of the prior taxable year. Only those permanent businesses that increase employment by twenty (20) or more in Tier One areas are eligible for the credit. The credit is not allowed during any of the five (5) years if the net employment increase falls below twenty (20). The Tax Commission shall adjust the credit allowed each year for the net new employment fluctuations above the minimum level of twenty (20).

Miss. Code Ann. § 57-73-21(4).

¶4. In an effort to stimulate rapid economic growth, the Mississippi Legislature enacted. Miss. Code Ann. § 57-73-21 which provides incentives for businesses to locate in Mississippi. Manufab opened a company in Mississippi partially because of the jobs tax credit. Manufab claims to have complied with all requirements, and it cites *General Motors Corp. v. Mississippi State Tax Comm'n*, 510 So.2d 498, 500 (Miss. 1987), since according to it, "tax statutes must be read strictly as written." The present case deals with tax credits, not tax liabilities as in *General Motors*. This Court has declared that tax exemptions will be strictly construed against the taxpayer claiming the exemption and that any dispute will be resolved in favor of the taxing authority. *Monaghan v. Pontotoc Elec. Power Ass'n*, 237 Miss. 883, 891,116 So.2d 827, 830 (1960). This same rationale has also been applied to tax credits. *Mississippi State Tax Comm'n v. Defenbaugh & Co. of Cleveland, Inc.*, 197 So.2d 788, 789 (Miss. 1967). Manufab asserts that there is no ambiguity in the statute and that when reading it "strictly as written," its interpretation is the only plausible one. The MSTC also maintains that § 57-73-21(4) is unambiguous.

¶5. Manufab bases its entire argument on one sentence which reads that, "[o]nly those permanent businesses that increase employment by twenty (20) or more in developed areas are eligible for the credit." Miss. Code Ann. § 57-73-21(4). Our long-standing rule regarding statutory construction is that "the Legislature's intention must be determined by the total language of the statute and not from a segment considered apart from the remainder. . . ." *Brady v. John Hancock Mut. Life Ins. Co.*, 342 So.2d 295, 298 (Miss. 1977). Focusing on only this sentence skews the true meaning of the statute. Manufab alleges that the applicable statute allows for a cumulative increase in employment of twenty (20) or more full-time employees. Reading the statute as a whole, it is clear that this proposition is in error. The statute mandates that the number of new full-time employees is to be calculated by comparing the number of employees in the year for which the tax credit is taken with the number of employees from the previous year. Miss. Code Ann. § 57-73-21(4). Following this logic, it is apparent that a business must have an increase of twenty (20) employees in order to merit the jobs tax credit, and since this number is determined by comparing the increase in employees with the number of employees from the *previous year*, there is no way Manufab, or any other company, would qualify for the tax credit without gaining twenty (20) employees within a one

year time frame.

¶6. Manufab also contends that the MSTC's interpretation of § 57-73-21(4) is in direct conflict with the statutory provisions and that the MSTC has not followed a "uniform construction" of the jobs tax credit. *See* ***State Tax Comm'n v. Edmondson*,** 196 So.2d 873, 877 (Miss.1967) (citing ***Virden v. State Tax Comm'n*,** 180 Miss. 467,177 So. 784, 785 (1938)). "[G]reat deference is given to an administrative agency's construction of its own rules, regulations and statutes." ***Miss. Dep't of Envtl. Quality v. Weems*,** 653 So.2d 266, 272 (Miss. 1995). An agency's interpretation of the statute it is to enforce "is given controlling weight unless it is manifestly contrary to the statute." *Id.* at 273. We do not find the MSTC's interpretation to be in conflict with the statutory provisions when taken as a whole, nor is the MSTC's interpretation "manifestly contrary" to § 57-73-21(4). Randy Ladner of the MSTC testified that since the institution of this statute in 1989, the MSTC has always required a minimum increase of twenty (20) employees in one year for a company to receive the tax credit. Manufab put forth no examples of situations where the MSTC had allowed a tax credit for cumulative employee increases. Therefore, Manufab's conjecture that the MSTC has not followed a "uniform construction" of the jobs tax credit is without merit.

## CONCLUSION

¶7. Manufab did not meet the requirements to qualify for the jobs tax credit as set forth in Miss. Code Ann. § 57-73-21(4). The MSTC's determination that the statute requires an increase of at least twenty (20) new employees in a one year time period is a reasonable interpretation and as such is to be given great deference. Finding that MSTC did not act in an arbitrary or capricious manner, we, therefore, affirm the judgment of the MSTC and the Hancock County Chancery Court.

¶8. **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR.**