COLEMAN, Justice,
concurring in result only:
¶ 18. I agree with the result reached by the majority, but, with respect, I disagree with its reasoning. Based on the plain, unambiguous language of Mississippi Code Section 97-3-15, I am compelled to conclude that the Castle Doctrine applies only when a killing of a human being has occurred. I fear the majority expands the Castle Doctrine beyond the scope designated by the Legislature and therefore leads the Court beyond the scope of its constitutionally designated duty as an appellate court. “[T]he courts are without the right to substitute their judgment for that of the Legislature as to the wisdom and policy of the act and must enforce it, unless it appears beyond all reasonable doubt to violate the Constitution.” 5K Farms, Inc. v. Miss. Dep’t of Revenue, 94 So.3d 221, 227 (¶ 21) (Miss.2012) (quoting Pathfinder Coach Div. of Superior Coach Carp. v. Cottrell, 216 Miss. 358, 362, 62 So.2d 383, 385 (1953)).
¶ 19. Section 97-3-15 defines instances in which the killing of a human being is justified. It reads, quite simply, “The killing of a human being by the act, procurement or omission of another shall be justifiable in. the following cases ...” and then enumerates eight instances in which a killing is justified. Miss.Code Ann. § 97-3-15(1) (Rev. 2006). Two of the eight, found in subsections (l)(e) and (l)(f), read as follows:
(e) When committed by any person in resisting any attempt unlawfully to kill such person or to commit any felony upon him, or upon or in any dwelling, in any occupied vehicle, in any place of business, in any place of employment or in the immediate premises thereof in which such person shall be;
(f) When committed in the lawful defense of one’s own person or any other human being, where there shall be reasonable ground to apprehend a design to commit a felony or to do some great personal injury, and there shall be imminent danger of such design being accomplished; ....
Miss.Code Ann. § 97-3-15(l)(e), (f) (Rev. 2006). Accordingly, a killing is justified when committed under conditions consistent with those I quote above. Nothing in the statute appears to extend the justification to any other crime or event other than the killing of a human being.
¶ 20. I now turn to Section 97-3-15(3), wherein the Legislature codified what is *578 popularly known as the Castle Doctrine, and which the majority would extend beyond the parameters of a justified killing. See Lawson v. Honeywell Int’l, Inc., 75 So.3d 1024, 1030 (¶ 17) (Miss.2011) (“This Court ‘cannot ... add to the plain meaning of the statute or presume that the legislature failed to state something other than what was plainly stated.’ ”) (quoting His Way Homes, Inc. v. Miss. Gaming Comm’n, 733 So.2d 764, 769 (¶ 20) (Miss.1999)). In the first six words, Subsection 3 creates a presumption in favor of a “person” who “uses defensive force.” So far, nothing in the subsection by itself appears to limit the presumption to a person who has killed another, but the codification of the Castle Doctrine neither ends there nor exists in a vacuum. The presumption in question is that the person who uses defensive force is presumed to have
reasonably feared imminent death or great bodily harm, or the commission of a felony upon him or another or upon his dwelling, or against a vehicle which he was occupying, or against his business or place of employment or the immediate premises of such business or place of employment, if the person against whom the defensive force was used, was in the process of unlawfully and forcibly entering, or had unlawfully and forcibly entered, a dwelling, occupied vehicle, business, place of employment or the immediate premises thereof or if that person had unlawfully removed or was attempting to unlawfully remove another against the other person’s will from that dwelling, occupied vehicle, business, place of employment or the immediate premises thereof and the person who used defensive force knew or had reason to believe that the forcible entry or unlawful and forcible act was occurring or had occurred.
Miss.Code Ann. § 97-3-15(3) (Rev. 2006).
¶ 21. The events listed in Subsection 3, quoted immediately above, that the person using force is presumed reasonably to have feared are the very same events listed in Subsection (l)(e) that justify the killing of another human being but that justify nothing else, at least not by operation of Section 97-3-15. “This Court follows the long-standing maxim of statutory construction that ‘the Legislature’s intention must be determined by the total language of the statute and not from a segment considered apart from the remainder!)]’ ” Lawson, 75 So.3d at 1029 (¶ 15) (quoting Manufab, Inc. v. Miss. State Tax Comm’n, 808 So.2d 947, 949 (¶ 5) (Miss.2002)). Because of the choice of the Legislature to so closely tie the circumstances that trigger the presumption to the circumstances that justify a killing, I cannot agree with the majority’s conclusion that they have application where no killing occurred. “The Court looks to the whole of a statute to avoid adhering to one sentence or phrase of statute in a way that skews its true meaning.” Lawson, 75 So.3d at 1029 (¶ 15). Also, “[i]n interpreting any part of a statute this Court will first look to the statute as a whole to ensure its meaning is not taken out of context.” 32 Pitt Bulldogs and Other Prop. v. County of Prentiss, 808 So.2d 971, 974 (¶13) (Miss.2002). With respect, I am of the opinion that the majority reaches its conclusion by focusing too closely on Subsection 3 to the exclusion of the remainder of the statute and thereby takes the meaning of Subsection 3 out of the context in which the Legislature chose to place it. See also Kerr-McGee Chem. Corp. v. Buelow, 670 So.2d 12, 17 (Miss.1995) (“When interpreting a statute, ‘[t]he proper way to determine the real intent of the legislature is to study the words used by it in context.’”) (quoting Back-Acres Country Club, Inc. v. Miss. State Tax Comm’n, 216 So.2d 531, 534 (Miss.1968)).
*579 ¶22. Accordingly, where the majority holds the Castle Doctrine does not apply because Pam had permission to enter Mark’s car and take Macy Kate, I would hold the Castle Doctrine does not apply because no killing of a human being occurred.