# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-CA-00371-SCT

*CHARLES E. STOKES, IN THE OFFICIAL CAPACITY OF TAX ASSESSOR OF HINDS COUNTY, MISSISSIPPI; AND HINDS COUNTY, MISSISSIPPI*

*v.*

*JACKSON SALES & STORAGE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/28/2022 |
| TRIAL JUDGE: | HON. DAVID ANTHONY CHANDLER |
| TRIAL COURT ATTORNEYS: | SHELDON G. ALSTON |
| | MATTHEW WADE ALLEN |
| | LOUIS G. FULLER |
| | JACOB ARTHUR BRADLEY |
| | SCHERRIE LONNETTE PRINCE |
| | LATOYA REDD THOMPSON |
| | TONY R. GAYLOR |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | TONY R. GAYLOR |
| | LATOYA REDD THOMPSON |
| ATTORNEYS FOR APPELLEE: | SHELDON G. ALSTON |
| | JACOB ARTHUR BRADLEY |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 11/30/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE RANDOLPH, C.J., ISHEE AND GRIFFIS, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1. For nearly forty years, Hinds County granted Jackson Sales & Storage Co. (JSSC) an annual exemption from ad valorem property taxes. In 2019, however, the County reversed

course. It denied JSSC an exemption, claiming JSSC lacked the requisite free-port-warehouse license to qualify. It also assessed JSSC back taxes for 2012-18.

¶2. Aggrieved, JSSC sought relief in Hinds County Circuit Court. There, the circuit court found the license JSSC received from the State Tax Commission[1] in 1981 "is not subject to renewal and has been valid and in effect at all times since its original granting." It also found JSSC owes no taxes for 2012-18 and 2019.

¶3. Charles E. Stokes, the Hinds County Tax Assessor, and Hinds County now appeal, raising questions of statutory interpretation regarding Mississippi Code Sections 27-31-51 through -61. In doing so, they petition us to determine the validity of JSSC's license and to resolve whether the County has discretion over granting JSSC an exemption.

¶4. Given the statutory language and legislative history before us, we make four conclusions. First, JSSC's license is and has been valid and in effect since 1981. Second, JSSC's license is subject to renewal. Third, the County forfeited its right to taxes for 2012-18. Fourth, the County has discretion over granting JSSC an exemption and is accordingly owed taxes for 2019. We therefore affirm in part and reverse and render in part.

**FACTS**

¶5. JSSC is a subsidiary of National Presto Industries. It operates a warehouse in Hinds County where it intakes manufactured goods from out of state, stores them for a brief period,

---

[1] The Department of Revenue replaced the State Tax Commission in 2010.

then ships a significant portion of them back out of the state. This portion makes up JSSC's in-transit personal property.

¶6. On January 5, 1981, the tax commission granted JSSC a license to operate its warehouse as a free port warehouse. This license exempted JSSC's in-transit personal property from ad valorem taxes. Miss. Code Ann. § 27-31-53 (Rev. 1972). But the license was subject to annual renewal. Miss. Code Ann. § 27-31-57 (Rev. 1972).

¶7. Before renewal became necessary, the Legislature made two important statutory changes effective January 1, 1982. First, it removed the annual license renewal requirement. Miss. Code Ann. § 27-31-57 (Supp. 1981). Second, it transferred discretion over exemptions from the tax commission to county boards of supervisors. Miss. Code Ann. § 27-31-53 (Supp. 1981). The Legislature left the issuance of licenses, however, to the tax commission. Miss. Code Ann. § 27-31-51 (Supp. 1981). It also mandated that certain exemptions granted by the tax commission "shall continue in full force and effect." S.B. 2839, Reg. Sess., 1981 Miss. Laws ch. 419, § 5.

¶8. Despite its newfound discretion over exemptions, the Hinds County Board of Supervisors entered JSSC's exemption into its minutes each year from 1982-97, thereby honoring JSSC's license. Then, between 1998 and 2019, a series of four exchanges took place between JSSC and the Hinds County Tax Assessor.

¶9. First, in 1998, the tax assessor sent a letter to JSSC claiming it had no record of JSSC's license and would therefore be subjecting all of JSSC's inventory to ad valorem

taxation. In response, JSSC argued: (1) its license continued to be valid and in effect since there was no longer an annual license renewal requirement, and (2) it remained exempt since the "shall continue in full force and effect" language of Senate Bill 2839 grandfathered in its exemption. Following this exchange, the tax assessor took no further action, and the board of supervisors entered JSSC's exemption into its minutes.

¶10. Next, in 2001, JSSC renotified the tax assessor of the 1998 exchange. Once again, the tax assessor took no further action, and the board of supervisors entered JSSC's exemption into its minutes.

¶11. Between the second and third exchanges, the Legislature transferred the authority to issue free-port-warehouse licenses from the tax commission to county boards of supervisors. Miss. Code Ann. § 27-31-51 (Rev. 2002).

¶12. In 2018, the parties virtually repeated the 1998 exchange. The tax assessor sent JSSC a letter making its previous claims. JSSC reiterated its arguments. The tax assessor took no further action, and the board of supervisors entered JSSC's exemption into its minutes.

¶13. In 2019, however, the tax assessor sent the 2018 letter a second time and rejected JSSC's arguments. It assessed taxes on JSSC's 2019 inventory in the amount of $294,871.64 and assessed JSSC back taxes for 2012-18 in the amount of $2,505,814.03.

¶14. JSSC paid $4,147.12—the amount due on its 2019 inventory that was not in-transit personal property—but withheld the remainder since, in its view, it was exempt. JSSC then

4

sought relief from the board of supervisors, but the board of supervisors rejected JSSC's arguments, determining JSSC owed the taxes.

¶15.    JSSC turned to the Hinds County Circuit Court.  It filed a petition for appeal from the board of supervisors' determination against the tax assessor and Hinds County on August 26, 2020.  It then filed a motion for declaratory judgment on November 5, 2021, contending its license and its exemption were grandfathered in by statute.  The tax assessor and Hinds County responded with a motion for summary judgment, maintaining JSSC does not have a valid license and is therefore not entitled to an exemption.

¶16.    On March 28, 2022, the circuit court granted JSSC's motion for declaratory judgment. It held JSSC's license has been valid and in effect since 1981 and is not subject to renewal. And it held JSSC owes no taxes for 2012-19.  The tax assessor and Hinds County then filed a motion to alter judgment.  But the circuit court denied the motion, and the tax assessor and Hinds County filed a notice of appeal on April 18, 2022.

**STANDARD OF REVIEW**

¶17.    "This Court applies a de novo standard of review to questions of law, including a motion for a declaratory judgment."  *Virden v. Campbell DeLong, LLP*, No. 2021-CT-00478-SCT, 2023 WL 6304724 (Miss. Sept. 28, 2023) (internal quotation marks omitted) (quoting *S.C. Ins. Co. v. Keymon*, 974 So. 2d 226, 229 (Miss. 2008)).  And further, "[t]his Court reviews matters of statutory interpretation de novo."  *Bd. of Supervisors of Jackson Cnty. v. Qualite Sports Lighting, LLC*, 337 So. 3d 1040, 1043 (Miss. 2022) (internal

quotation marks omitted) (quoting ***Am. Tower Asset Sub, LLC v. Marshall Cnty.***, 324 So. 3d 300, 302 (Miss. 2021)).  "If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction."  ***Id.*** (internal quotation marks omitted) (quoting ***Am. Tower***, 324 So. 3d at 302).  "This Court 'cannot . . . add to the plain meaning of the statute or presume that the legislature failed to state something other than what was plainly stated.'"  ***Id.*** (alteration in original) (internal quotation marks omitted) (quoting ***Am. Tower***, 324 So. 3d at 302).  "But if the statute is ambiguous or silent on a specific issue, statutory interpretation is appropriate, and the Court must 'ascertain the intent of the legislature from the statute as a whole and from the language used therein.'"  ***Id.*** (internal quotation marks omitted) (quoting ***Am. Tower***, 324 So. 3d at 302).

## DISCUSSION

### 1.    JSSC's free-port-warehouse license

¶18.    Since JSSC qualifies for an exemption only if it has a valid free-port-warehouse license, Miss. Code Ann. § 27-31-53 (Rev. 2017), we first determine the validity of JSSC's license.

¶19.    Mississippi Code Section 27-31-51 provides in relevant part:

> [L]icenses shall be issued by the [board of supervisors] to such warehouse or storage facility as will qualify under the definition of "free port warehouse" as herein defined, upon application by the warehouse or storage facility operator.

Miss. Code Ann. § 27-31-51(3) (Rev. 2017).  Further,

a manufacturer of personal property that maintains separate facilities, structures, places or areas for the temporary storage and handling of such personal property pending transit to a final destination outside the State of Mississippi shall be eligible for licensing under Sections 27-31-51 through 27-31-61 as a "free port warehouse," and any license issued to such a manufacturer before January 1, 2012, is hereby ratified, approved and confirmed.

Miss. Code Ann. § 27-31-51(2) (Rev. 2017).

¶20. In addressing licenses issued prior to January 1, 2012, the Legislature's purpose was "to clarify that manufacturers of personal property that maintain separate facilities for the temporary storage and handling of such personal property pending transit to a final destination outside the State of Mississippi are eligible for licensing as a 'free port warehouse'. . . ." S.B. 2342, Reg. Sess., 2012 Miss. Laws ch. 342.

¶21. This clarification confirms JSSC, as a subsidiary of Presto, was in 1981 and continues to be eligible for a license. But it does not speak to the current validity of JSSC's license. We must therefore determine legislative intent.

¶22. To reiterate, the Legislature removed the annual license renewal requirement effective January 1, 1982. Miss. Code Ann. § 27-31-57 (Supp. 1981). In the years since, however, it has not further addressed licenses issued prior to 1982. While it transferred the authority to issue licenses from the tax commission to the board of supervisors in 2002, it did not provide that the transfer invalidated licenses previously granted by the tax commission. We therefore find that, beginning in 1982, JSSC held a valid license that was to remain in effect until either subjected to renewal or revoked.

7

¶23. Two questions then arise as to what power Hinds County has to challenge JSSC's license: whether the County can require JSSC to renew its license and whether the County can revoke it.

¶24. Taking the first question, Mississippi Code Section 27-31-59 provides, "[e]ach licensee shall pay to the [board of supervisors] for each license which may be issued or renewed a fee in the amount of Ten Dollars ($10.00) for each issuance or renewal thereof." Miss. Code Ann. § 27-31-59 (Rev. 2017).

¶25. Prior to 2002, Section 27-31-59 was identical to the above, except the tax commission was the entity to be paid instead of the board of supervisors. Miss. Code Ann. § 27-31-59 (Rev. 1972). Indeed, the Legislature removed the annual license renewal requirement effective January 1, 1982. Miss. Code Ann. § 27-31-57 (Supp. 1981). But it allowed the tax commission to retain renewal authority in Section 27-31-59. Miss. Code Ann. § 27-31-59 (Rev. 1995). The Legislature then transferred this authority to the board of supervisors in 2002. Miss. Code Ann. § 27-31-59 (Rev. 2002). And there is no statutory language that suggests JSSC's license is shielded from it. The board of supervisors can therefore require JSSC to renew its license.

¶26. Although the board of supervisors has renewal authority, none of Hinds County's actions from 1998-2019 amount to a demand for JSSC to renew its license. In each exchange outlined above, the tax assessor merely notified JSSC it had no record of JSSC's license. And until 2019, the tax assessor accepted JSSC's license as valid.

8

¶27. So, if Hinds County desires, it may seek renewal in the future as a way to confirm JSSC's operations are in line with those of a free port warehouse or as a way to collect the ten-dollar fee. But in 2019, and in the years prior, JSSC had a license that was valid and in effect at all times.

¶28. Moving to the second question, Mississippi Code Section 27-31-57 provides:

> The tax assessor shall have full power and authority to require the keeping of all records and the making of all reports necessary to the accomplishment of the purpose of Sections 27-31-51 through 27-31-61, and all books and records of any licensee shall be subject to the inspection of duly authorized agents of the ad valorem taxing authorities of the jurisdiction or jurisdictions wherein such licensee is located. The violation by the licensee of any of the terms and provisions of Sections 27-31-51 through 27-31-61 shall authorize the revocation of the license of any licensee by the tax assessor. In the event any license shall be revoked, then the exemption provided for therein shall thereby be annulled for the year in which such license may be revoked.

Miss. Code Ann. § 27-31-57 (Rev. 2017). And Mississippi Code Section 27-31-55 provides in relevant part:

> Each licensed "free port warehouse" shall file with the tax assessor of each taxing jurisdiction in which such warehouse or storage facility may be located an inventory of all personal property consigned or transferred to such warehouse or storage facility and located therein on January 1 of each year. Such inventory shall be submitted on such forms and in such manner as the tax assessor may prescribe and shall contain a separate statement of all property eligible for exemption under Sections 27-31-51 through 27-31-61 and a separate statement of all property consigned or transferred to such warehouse or storage facility.

Miss. Code Ann. § 27-31-55 (Rev. 2017).

¶29. When read together, these two statutes give the tax assessor the authority to revoke JSSC's license if JSSC fails to meet its reporting requirement under Section 27-31-55, which

9

it has not done since receiving its license in 1981. We are aware of no statutory language, however, that suggests Hinds County has the authority to revoke JSSC's license simply because the County keeps inaccurate records.

¶30. The tax assessor and Hinds County claim "Hinds County affirmatively revoked [JSSC's] license by letter in 2018 and again in 2019." But again, in both 2018 and 2019, the tax assessor merely notified JSSC it had no record of JSSC's license. And the tax assessor did so after accepting JSSC's argument that it had a valid license. None of the tax assessor's actions indicate revocation.

¶31. Hinds County must therefore recognize the validity of JSSC's license so long as JSSC continues to meet its reporting requirement set forth in Section 27-31-55.

### 2. JSSC's exemption from ad valorem taxes

¶32. Under Section 27-31-53,

> [in-transit personal property] may, in the discretion of the board of supervisors of the county wherein the warehouse or storage facility is located . . . be exempt from all ad valorem taxes imposed by the respective county . . . and the property exempted therefrom shall not be deemed to have acquired a situs in the State of Mississippi for the purposes of such taxation.

¶33. This statute is clear in mandating the board of supervisors has discretion over exempting in-transit personal property from ad valorem taxes. It is unclear, however, whether this discretion extends to an exemption granted to JSSC by the tax commission in 1981 when the tax commission, not the board of supervisors, had discretion over exemptions.

10

¶34. On appeal, JSSC contends its "exemption *cannot* be revoked by the County under any circumstances because the Legislature mandated that the 'exemption . . . shall continue in full force and effect' in the same Act that gave [the board of supervisors] discretion to grant an exemption."

¶35. The Legislature enacted the language upon which JSSC relies in 1981. It provides in relevant part:

> Any exemption from ad valorem taxes heretofore granted to holders of a valid free port warehouse license for the calendar year next preceding the effective date of this act shall continue in full force and effect.

S.B. 2839 ch. 419, § 5.

¶36. After reading the plain language, we find JSSC's contention misplaced. Prior to the enactment of Senate Bill 2839, chapter 419, section 5, the tax commission granted JSSC a free-port-warehouse license that automatically exempted JSSC's in-transit personal property. But, again, JSSC was bound to renew this license annually. JSSC therefore had to renew its exemption annually. So the exemption was only meant to be effective for one year.

¶37. To avoid this simple truth, JSSC conveniently avoids the "for the calendar year next" language in its brief, instead choosing to focus on the "shall continue in full force and effect" language. *Id*. But "[t]his Court follows the long-standing maxim of statutory construction that 'the Legislature's intention must be determined by the total language of the statute and not from a segment considered apart from the remainder . . . .'" *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1029 (Miss. 2011) (second alteration in original) (quoting *Manufab,*

11

*Inc. v. Miss. State Tax Comm'n*, 808 So. 2d 947, 949 (Miss. 2002)). Once the two phrases are read together, there is no argument that the Legislature intended to grant JSSC an exemption in perpetuity.

¶38. In Senate Bill 2839, chapter 419, section 2, the same act that included section 5, the Legislature transferred discretion over exemptions from the tax commission to the board of supervisors. S.B. 2839, Reg. Sess., 1981 Miss. Laws ch. 419, § 2. Based on this transfer, the necessary conclusion regarding the Legislature's intent in section 5 is that the Legislature did not want licensees to have to reacquire an exemption for the 1982 year—the same year that the Legislature's delegation of discretion over exemptions to the board of supervisors would take effect. If the tax commission had already granted exemptions for 1982, section 5 avoided redundancy and confusion. Those exemptions would continue through 1982. And after 1982, the board of supervisors would have discretion over granting exemptions.

¶39. It would be illogical to find the Legislature decided to make previously granted exemptions effective in perpetuity while making new exemptions subject to the discretion of the board of supervisors. Such a finding would, for no apparent reason, strip the board of supervisors of the discretion the Legislature transferred to it.

¶40. Having settled the legislative intent of section 5, we now return to Section 27-31-53. It does resemble Section 27-31-51 in providing: "Any exemption from ad valorem taxes granted before January 1, 2012, is hereby ratified, approved and confirmed." § 27-31-53. But this language does not mandate that such exemptions continue in perpetuity.

12

¶41. In adding the language, the Legislature's purpose was "to clarify . . . that personal property that is manufactured in the State of Mississippi and stored in such facilities pending transit to a final destination outside the State of Mississippi is eligible for exemption from ad valorem taxation . . . ." S.B. 2342 ch. 342. The Legislature sought to avoid counties questioning relevant exemptions granted in years prior to January 1, 2012, and attempting to collect back taxes by voiding those exemptions. It clearly did not, however, add the above language to ensure the board of supervisors had no discretion over any exemption granted prior to January 1, 2012, or to ensure any such exemption continued in perpetuity.

¶42. Beginning in 1981, the Legislature's intent clearly has been to transfer discretion over ad valorem taxation of in-transit personal property from the tax commission to the board of supervisors. By virtue of Section 27-31-53, the board of supervisors has discretion over whether in-transit personal property stored in a licensed-free-port warehouse in Hinds County is exempt from ad valorem taxes.

¶43. The board of supervisors also has discretion over how long it grants an exemption. Regarding the length of exemptions, Section 27-31-53 provides in relevant part:

> Any exemption granted to a licensed "free port warehouse" pursuant to this section shall be effective as of the first calendar day of the taxable year in which the warehouse applied for the exemption by virtue of submitting the application for licensure, and shall remain in effect for such period of time as the respective [board of supervisors] may prescribe.

¶44. Neither party denies that the board of supervisors entered JSSC's exemption into its minutes every year from 1982-2018. During those years, the board of supervisors had

13

discretion over granting JSSC an exemption. And it affirmatively chose to grant JSSC an exemption, evidenced by its entering JSSC's exemption into its minutes. The board of supervisors therefore forfeited its right to assess JSSC taxes for those years, rendering its assessment of back taxes for 2012-18 unfounded.

¶45. The tax assessor and Hinds County cite Mississippi Code Section 27-35-155 as justification for the tax assessor's attempt to collect back taxes. It provides in relevant part:

> When the assessor shall discover any persons or property that have escaped taxation in any former year or years . . . by reason of not being assessed, he shall make the proper assessment by way of an additional assessment for such year or years . . . . The power of the assessor to assess property that has escaped taxation by way of additional assessments for a former year or years shall expire at the end of the seven (7) years from the date when his right so to do first accrued.

Miss. Code Ann. § 27-35-155 (Rev. 2017).

¶46. This statute is inapplicable here since JSSC did not escape[2] taxation. Rather, Hinds County granted JSSC an exemption that JSSC qualified to receive. And the County did so with knowledge that it could subject JSSC's in-transit personal property to ad valorem taxation. The County therefore has no grounds for its assessment of back taxes.

---

[2] This Court's prior consideration of Section 27-35-155 is limited. ***Enterprise Products Co. v. Board of Supervisors of Forrest County***, 729 So. 2d 790 (Miss. 1998), however, offers guidance. There, this Court held salt dome caverns had escaped taxation since the tax assessor was unaware that they were taxable, making them subject to back taxes. ***Id.*** at 793-95. The present case clearly presents converse circumstances. Here, the tax assessor contacted JSSC numerous times and was aware that JSSC's in-transit personal property could be subjected to taxation. JSSC's in-transit personal property therefore did not escape taxation and is not subject to back taxes.

14

¶47. That the tax assessor contacted JSSC in 1998 and 2018 does not change this fact. After JSSC made its arguments, the tax assessor did not further pursue taxing JSSC's in-transit personal property. And again, the board of supervisors affirmatively exercised its discretion by entering JSSC's exemption into its minutes.

¶48. The 2019 exchange, however, was different. As in 1998 and 2018, the tax assessor put JSSC on notice that the County intended to tax its in-transit personal property. And JSSC made its same arguments. But this time, the tax assessor rejected the arguments, evidencing the County's clear intent to assess ad valorem taxes on JSSC's in-transit personal property for the 2019 year. This rejection meant JSSC was no longer exempt.

¶49. As the above statutory language makes clear, exemptions "shall remain in effect for such period of time as the respective [board of supervisors] may prescribe." § 27-31-53. JSSC therefore owes Hinds County the remaining $290,724.52 in ad valorem property taxes for 2019. And moving forward, the board of supervisors has discretion over whether it grants JSSC an exemption and over the period of time that exemption is in effect.

## CONCLUSION

¶50. While we recognize Hinds County's refusing to grant JSSC an exemption after doing so for nearly forty years may well place an unexpected financial burden upon JSSC, we cannot conclude JSSC is exempt in perpetuity simply because it has a valid license dating back to 1981. We are limited to the statutory language and legislative history before us, and in this case, they combine to paint a clear picture of the Legislature's intent to transfer

15

discretion over the issuance of licenses and the granting of exemptions from the tax commission to the board of supervisors.

¶51. We therefore affirm the circuit court's finding that JSSC has a free-port-warehouse license that is valid and in effect and has been since 1981. We also affirm the circuit court's finding that JSSC owes no taxes for 2012-18. We, however, reverse the circuit court's finding that JSSC's license is not subject to renewal. And we reverse the circuit court's finding that JSSC owes no taxes for 2019. JSSC is therefore ordered to remit to Hinds County the remaining $290,724.52 in ad valorem taxes for 2019.

¶52. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**